305 So.2d 823 (1975)
David C. HEFELFINGER, M.D., Appellant,
v.
C.E. DAVID, M.D., et al., Appellees.
No. U-288.
District Court of Appeal of Florida, First District.
January 6, 1975.
Patrick G. Emmanuel of Holsberry, Emmanuel, Sheppard, Mitchell & Condon, Pensacola, for appellant.
Joe J. Harrell and Donald H. Partington of Harrell, Wiltshire, Bozeman, Clark & Stone, Pensacola, for appellees.
*824 RAWLS, Chief Judge.
Appellant Hefelfinger signed an agreement on June 13, 1971, to become an associate pediatrician with the appellees (approximately 50 doctors practicing medicine under the name of the Medical Center Clinic in Pensacola). The agreement provided inter alia:
"... if this agreement and his association with the Medical Center Clinic are terminated for any reason, he will not engage in the practice of medicine for a period of two years from the time of such termination in Escambia County, Florida ..."
In January, 1973, after appellant had been advised that his association with the clinic was being terminated and that he could not practice medicine in Escambia County for two years, appellant opened his own office five blocks from the clinic and began practicing medicine in Escambia County, Florida. Appellees filed suit seeking enforcement of the two year noncompetitive clause and after extensive legal skirmishing the trial court entered the final judgment appealed enjoining appellant from "... competing with the plaintiffs directly or indirectly in the practice of pediatrics in Escambia County, Florida for a period of two years from January 17, 1973", and dismissing appellant's counterclaim for fees claimed to have been due him.
Appellant challenges the trial court's final judgment on the following grounds: (1) In holding that the agreement not to compete falls within the purview of F.S. 542.12(2); (2) enjoining him from practicing pediatrics in Escambia County for two years; and (3) in dismissing his counterclaim.
The first two points raised by appellant are controlled by the Supreme Court's decision in Akey v. Murphy.[1] As reviewed in Akey, this Court reached a contrary view in Bergh v. Stephens;[2] however, Akey clearly overruled our construction of the subject statute. The trial court specifically found: "The evidence shows a need for pediatricians in Escambia County, Florida. This need is not so compelling as to require an adjudication that the public health is so jeopardized that the restrictive covenant should not be enforced ... The covenant as to time and area is reasonable." The record supports the trial court's finding and thus it is affirmed.[3] Akey v. Murphy, supra.
Finally, as to appellant's counterclaim, we conclude that the trial court erred. The evidence is uncontradicted that prior to his termination with the Medical Clinic, he had earned the sum of $6,817.50, which was collected after he departed. The foregoing sum, as testified to by the clinic's Business Manager, was the amount collected less general clinic overhead attributable to the department, and paid to the departmental head. The pediatrics department then subtracted its operating overhead prior to computing the sum due appellant, even though appellant was not a member of the department, but had been terminated. The trial court is directed to enter judgment in favor of appellant and against appellees in the sum of $6,817.50.
Affirmed in part; reversed in part.
McCORD, J., and SPECTOR, SAM, Associate Judge (Retired), concur.
NOTES
[1] 238 So.2d 94 (1970).
[2] 175 So.2d 787 (1965).
[3] Appellant also argues that the trial court erred in not admitting into evidence minutes of a meeting of the Escambia Medical Society which contained a resolution condemning legal action against one of its members which would deprive the Pensacola community of much needed medical care in a primary care speciality and questioning the morality of restrictive practice covenants. Such "Town Hall Meeting Resolutions" clearly are not admissible in a contractual action.