394 So.2d 1069 (1981)
TOMASELLO, INC., a Florida Corporation, Appellant,
v.
Manuel Perez de LOS SANTOS, Appellee.
No. 80-221.
District Court of Appeal of Florida, Fourth District.
March 4, 1981.
*1070 Joel T. Daves, III, of Burdick & Daves, West Palm Beach, for appellant.
J.A. Vassallo of Vassallo & Varner, P.A., Palm Springs, for appellee.
GLICKSTEIN, Judge.
Appellee is a former employee of appellant, the latter being in the pest control, spraying and fertilizer business in Palm Beach County. Shortly after commencing employment in August, 1973, appellee executed an employment contract whereby he agreed not to compete with his employer in Palm Beach County for two years following termination of his employment.
On August 10, 1979, appellee voluntarily terminated his employment and entered into the same business as appellant in Palm Beach County. Two weeks later appellant instituted the present action, seeking an injunction and damages. Appellee subsequently answered and raised one affirmative defense; namely, that he left his employment with appellant in 1976 for a few weeks; that he never executed another employment contract after his return; and that by the terms of the 1973 contract the noncompetition clause expired in 1978, two years after he left his employment in 1976.
On October 1, 1979, the trial court entered a temporary injunction, restraining appellee from competing with appellant in Palm Beach County or accepting employment with anyone in competition with appellant. On December 12, 1979, the parties entered into a pre-trial stipulation in which they represented that the only two issues were (1) whether appellee's employment contract terminated in 1976 and the two-year noncompetition clause expired in 1978, and (2) whether appellee's reemployment in 1976 extended the contract until the end of the reemployment period in August, 1979, so that the two-year competition clause would be in effect for two years thereafter. These issues are really different sides of the same coin necessarily requiring consistent holdings.
*1071 At final hearing appellant's president testified that when appellee returned to his employment in 1976 following his "resignation" a few weeks earlier, his employee benefits were reinstated as if he had never left. At the conclusion of the testimony the trial court announced that it was finding for appellant, but that it wanted memoranda on whether the injunction should extend to appellee's employment by another or be limited to appellee's operation of a business in direct competition with appellant. Further discussion ensued as to the effect of Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla. 1974), and the necessity of reasonableness as to time and geographical area of the injunction.
Upon receipt of the memoranda the trial judge requested counsel to meet in chambers. No court reporter attended that meeting. According to the facts presented in appellant's brief, which are uncontested and accepted by appellee, the trial judge requested appellant's counsel to obtain from appellant the precise geographical areas within Palm Beach County where appellee had worked while employed by appellant. Neither party asserts whether the judge gave any reason for requesting this information. By letter of January 23, 1980, appellant stated that appellee's route was south of Forest Hill Boulevard in West Palm Beach and included several municipalities and unincorporated areas throughout the south part of the county. The letter further recited:
Because this information will be difficult to include in the record in this manner we respectfully request that the court schedule another hearing so that this evidence can be given in proper form by testimony of the witnesses. This can then provide the court with a proper factual basis upon which the court can make its final ruling.
If the court is inclined to rule without hearing further testimony, we respectfully urge that the court should enforce the agreement which the parties made. For the court to take this agreement now and change it in order to do equity for Mr. Santos would cause an inequitable result for not only Mr. Tomasello, but for Mr. Tomasello's other employees. Mr. Santos would then be competing with them in those areas where he occasionally worked, and where he may have become familiar with the routes and customers.
We think the law is clear that this contract, in so far as Mr. Santos' agreement not to compete in Palm Beach County for a period of two years following the termination of his employment, is eminently fair for all of the parties. We urge that it would be unfair for the court to change this contract based on the evidence you have heard.
No further hearing was held. The trial court entered a final judgment, finding the employment contract to be unreasonable in geographical area and ordering appellee to:
1. Refrain from working himself in pest control business anywhere in Palm Beach County south of Forest Hill Boulevard or its imaginary eastward and westward extensions (provided this order shall not apply west of "Twenty Mile Bend"); and
2. Refrain from soliticing [sic] business from persons who are or were customers of the plaintiff; and
3. Refrain from doing any act which would cause TOMASELLO, INC. customers to change accounts.
The foregoing order shall remain in effect for a period of two (2) years from the time that the defendant finally left the employment of the plaintiff.
Appellant contends that the trial court should not have considered the reasonableness of the geographical area covered by the noncompetition clause when the issue of reasonableness was not raised by the pre-trial stipulation or pleadings nor tried by the consent of the parties. We agree.
Florida Rule of Civil Procedure 1.140(b) provides in pertinent part:
Every defense in law or fact to a claim for relief in a pleading shall be asserted in the responsive pleading, if one is required... . Any ground not stated shall *1072 be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time... .
This is somewhat restricted by Florida Rule of Civil Procedure 1.190(b) which provides that issues not raised by the pleadings can be tried by express or implied consent. We have carefully reviewed the record and conclude that the mention by counsel of the necessity of reasonableness as to time and geographical area at the conclusion of the testimony was insufficient to make it an issue in this case as pled and tried.
What is in question is the application of Section 542.12(2)(a), Florida Statutes (1979), which provides, inter alia:
[O]ne who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area ... so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction, be enforced by injunction.
As said in Miller Mechanical, Inc. v. Ruth, supra at 12:
When the Legislature adopted Fla. Stat. § 542.12, F.S.A. (the controlling statute in this case), it recognized the public policy arguments against agreements restricting competition, but nonetheless found several exceptions from the general rule to be reasonable. The statute is designed to allow employers to prevent their employees and agents from learning their trade secrets, befriending their customers and then moving into competition with them. The agreement, however, must be reasonable as regards the time during and the area within which the employee is to be prevented from competing with the employer. Capelouto v. Orkin Exterminating Co., 183 So.2d 532 (Fla. 1966). In determining the reasonableness of such an agreement, the courts employ a balancing test to weigh the employer's interest in preventing the competition against the oppressive effect on the employee. (Citations omitted) (Emphasis added).
Were the employment contract involved in this case facially violative of the foregoing statute, we might find differently; but such is not the case. Appellee contracted not to compete in Palm Beach for a period of two years following the termination of employment. That restriction was facially reasonable. See Hefelfinger v. David, 305 So.2d 823 (Fla. 1st DCA 1975). If appellee considered his employment contract to be unreasonable in area, it was incumbent upon him in this case to plead and prove his contention.
Accordingly, the final judgment is affirmed except as to its limitation to a geographical area less than Palm Beach County. As to that part of the final judgment, we reverse and remand with direction to enlarge the geographical area proscribed by the injunction to include all of Palm Beach County as provided in the parties' contract.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
HERSEY, J., and WETHERINGTON, GERALD T., Associate Judge, concur.