516 So.2d 970 (1987)
ORKIN EXTERMINATING CO., Appellant,
v.
Tony A. MARTIN, Appellee.
No. 87-1266.
District Court of Appeal of Florida, Third District.
October 27, 1987.
As Amended on Grant of Clarification December 15, 1987.
*971 Akerman, Senterfitt & Eidson and Susan Nadler Eisenberg and Ellen C. Freidin and Kirk L. Burns, Miami, for appellant.
Juan M. Carrera, Miami, precluded for oral argument.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
Orkin appeals a temporary injunction entered against a former employee pursuant to a covenant not to compete. We reverse.
When Orkin employed Martin they entered into a written contract which contained a covenant not to compete. The covenant restricted Martin from engaging in the pest control business anywhere in Dade County for two years following his termination of employment. Martin voluntarily terminated his employment and began working in Dade County with one of Orkin's competitors. Orkin sued, and the trial court entered an injunction restricting Martin from engaging in the pest control business within the territory which he had worked when employed by Orkin. This territorial restriction materially reduced the geographic restriction agreed to in the employment contract. Orkin appeals the limitation imposed by the trial court on the geographic area covered by the injunction.
Non-competition provisions in employment contracts have been enforced where the duration of the restriction and the area within which the employee cannot compete is reasonable. Flammer v. Patton, 245 So.2d 854 (Fla. 1971); Capelouto v. Orkin Exterminating Co., 183 So.2d 532 (Fla.), appeal dismissed, 385 U.S. 11, 87 S.Ct. 78, 17 L.Ed.2d 10 (1966). Reasonableness is determined by considering the individual facts of each case. Auto Club Affiliates, Inc. v. Donahey, 281 So.2d 239 (Fla. 2d DCA), cert. denied, 285 So.2d 28 (Fla. 1973). Restrictions such as those contained in the subject covenant are reasonable on their face and have generally been enforced. Cf. Graphic Business Systems, Inc. v. Rogge, 418 So.2d 1084 (Fla. 2d DCA 1982) (agreement not to compete for two years after termination of employment within 75-mile radius of city was facially reasonable); Sentry Ins. v. Dunn, 411 So.2d 336 (Fla. 5th DCA), review denied, 419 So.2d 1196 (Fla. 1982) (agreement not to solicit previous customers for two years after employment termination was reasonable); Tomasello, Inc. v. de Los Santos, 394 So.2d 1069 (Fla. 4th DCA 1981) (contract not to compete in county for two years after termination of employment was facially reasonable).
If a covenant not to compete is facially reasonable, the burden shifts to the employee to show why the covenant is unreasonable as applied to him. Silvers v. Dis-Com Securities, Inc., 403 So.2d 1133 (Fla. 4th DCA 1981). Where the territorial restriction is unreasonable, the trial court may determine what constitutes a reasonable area and enforce the covenant in the *972 limited area. Cf. Orkin Exterminating Co. v. Girardeau, 301 So.2d 38 (Fla. 1st DCA 1974), cert. denied, 317 So.2d 75 (Fla. 1975) (geographical area covered by noncompetition provision reduced from five counties to specific area within one city); Kofoed Pub. Relations Assocs., Inc. v. Mullins, 257 So.2d 603 (Fla. 4th DCA), cert. denied, 263 So.2d 230 (Fla. 1972) (covenant containing unrestricted geographical area remanded for court to determine reasonable territorial limitation). However, it is the obligation of the party contesting the covenant to plead unreasonableness as a defense or to raise the issue at the hearing on the motion for temporary injunction. Tomasello, 394 So.2d at 1069. Since Martin did not plead unreasonableness as a defense or raise the issue at the hearing on the motion for temporary injunction, it was improper for the judge to issue an injunction which reduced the geographical area stipulated in the covenant.
Accordingly, the temporary injunction is reversed with directions to issue a temporary injunction prohibiting Martin from working in the pest control business anywhere in Dade County.