581 So.2d 184 (1991)
Craig CARNAHAN, Appellant,
v.
ALEXANDER PROUDFOOT COMPANY WORLD HEADQUARTERS, a Delaware Corporation, and Its Affiliate, Alexander Proudfoot Company of Australia, a Swiss Gmbh, Appellees.
No. 90-3110.
District Court of Appeal of Florida, Fourth District.
May 22, 1991.
Rehearing and Certification Denied July 18, 1991.
*185 Thomas D. DeCarlo of Edwards & Angell, Palm Beach, for appellant.
Kenneth W. Moffet and John M. Riccione of Roberts & Reynolds, West Palm Beach, Michael J. Koenigsknecht and William W. Yotis III of Gardner, Carton & Douglas, Chicago, Ill., for appellees.
POLEN, Judge.
Craig Carnahan, a former employee of the appellee Alexander Proudfoot Company World Headquarters (Proudfoot), signed an employment agreement which contains a covenant not to compete. Proudfoot is a worldwide business consulting organization with affiliates in many foreign countries. Proudfoot's agreement, which the appellant signed on advice of counsel, provides that the employee shall not accept employment with a competitor organization either within the geographic limitations of the United States, or if the employee is assigned to a foreign affiliate, within the limitations of that affiliate's geographic market.
Shortly after being assigned to the Proudfoot affiliate in Australia, the appellant resigned and went to work for General Public Relations Pty., Ltd. (GPR), an Australian business consulting organization. Proudfoot introduced evidence showing that GPR was in direct competition with the Proudfoot affiliate in Australia. There was also substantial evidence in the record that the appellant copied computer disks and took training manuals belonging to Proudfoot before resigning, which could be used by GPR to undermine Proudfoot's client base in Australia.
Proudfoot brought an action in Palm Beach County, the site of its world headquarters, to enforce the employment agreement and to obtain injunctive relief. The appellant argued that the agreement was limited in geographic area to the United States and that the provisions of the agreement concerning geographic area were unreasonable and unenforceable. The trial court found that the agreement was executed by the appellant, that the geographic limitations of the agreement included Australia and New Zealand, and that the geographic scope of the agreement was reasonable in light of the circumstances of the case. The trial court also found that the appellant had breached the agreement by going to work for GPR, which was in direct competition with Proudfoot's Australia affiliate.
The trial court decided to enforce the agreement by way of a preliminary injunction. The appellant was enjoined from working in competition with Proudfoot in Australia and New Zealand, and from rendering services to any of Proudfoot's clients in those countries. We affirm the decision to enforce the employment agreement and also the issuance of an injunction to do so, but we must reverse in part.
In order for agreements with covenants not to compete to be enforceable the terms of the agreement must be reasonable in time and in geographic scope. Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla. 1974). To determine the reasonableness of the agreement the court must apply a balancing test weighing the employer's interest in preventing the competition against the oppressive effect on the employee. Id. at 12; Tomasello v. Los Santos, 394 So.2d 1069 (Fla. 4th DCA 1981). The non-compete agreement should not be stricken down merely because there would be an overly burdensome effect on the employee. Pinch a Penny of Pinellas County v. Chango, 557 So.2d 940 (Fla. 2nd DCA 1990).
When a trial court takes into consideration all of the evidence presented by the parties, the court then balances the interests of the parties, and the public interest, enforcing the agreement within its discretion. When the agreement is reasonable on its face, as in the case at bar, the burden of establishing unreasonableness falls solely on the defendant. Tomasello; Silvers v. Dis-Com Securities, Inc., 403 So.2d 1133 *186 (Fla. 4th DCA 1981). In the present case the defendant/appellant's arguments for the unreasonableness of the covenant not to compete were without merit, and the trial court correctly found the employment agreement to be enforceable.
The use of injunctive relief in cases involving covenants not to compete is authorized by section 542.33, Florida Statutes (Supp. 1990). Before the statutory amendment to this section, which took effect on June 20, 1990, the element of irreparable harm was presumed. Capraro v. Lanier Business Products, Inc., 466 So.2d 212 (Fla. 1985). The appellant in the present case signed the agreement at issue in 1987 and breached it in 1989; however, there is some indication that the amendment to section 542.33, Florida Statutes (Supp. 1990), should be applied retroactively. Hapney v. Central Garage, Inc., 579 So.2d 127 (Fla. 2d DCA 1991). We find that Proudfoot proved the element of irreparable harm by the evidence of the appellant's copying of computer disks, taking of training manuals, and solicitation of Proudfoot's clients while working for GPR.
The other elements supporting the issuance of an injunction such as clear legal right and inadequate remedy at law were clearly proved by Proudfoot. The trial court did not abuse its discretion in enforcing the employment agreement in the case at bar by way of injunction, however the record fails to reflect any evidence that New Zealand was a part of the geographic market of the Proudfoot affiliate in Australia. It was an abuse of discretion for the trial court to extend the geographic scope of the injunction to New Zealand when the only mention of this country in the record appears in the closing remarks of counsel for Proudfoot.
We reverse as to the geographic scope of the injunction, and we instruct the trial court to modify the order so as to encompass only the country of Australia. The trial court may hold further proceedings to determine whether New Zealand is properly within the scope of the injunction, but based on the record as it stands at this time, the injunction must be modified in accordance with this opinion.
AFFIRMED IN PART, REVERSED IN PART, WITH INSTRUCTIONS TO MODIFY THE ORDER ISSUED BY THE TRIAL COURT ON OCTOBER 16, 1990.
ANSTEAD and GARRETT, JJ., concur.