PER CURIAM.
When Eric S. Karukin and Michael J. La-nanna were employed by wholesale florist Royal Floral Distributors, Inc., the two entered into non-compete agreements in exchange for their learning what the agreements termed “valuable information, training, and experience.” In essence, the restriction was that Karukin and Lananna not use, copy, or distribute any information obtained from Royal Floral and that they not directly compete with Royal Floral within 200 miles for a period of one year. After some short period of employment, Karukin *1308 and Lananna left Royal Floral and began operating Fresh Farm Imports, Inc. Royal Floral procured an ex parte temporary injunction prohibiting the conduct outlined in the non-compete agreements. A successor judge modified the temporary prohibitory injunction as to defendant Lananna upon receiving evidence that Lananna had not signed the agreement. When at a subsequent hearing, it was established that Lanan-na had in fact signed the agreement, the trial judge refused to reinstate the terms of the original injunction as against Lananna. Royal Floral then filed a motion to amend the modified injunction as to make the prohibited activities ordered as to Lananna coextensive with the prohibited activities ordered as to Karukin. This appeal follows the trial judge’s denial of that motion. We agree with Royal Floral that the modified injunction should be amended so as to prohibit Lananna from directly competing with Royal Floral in the same manner as had been ordered as to Karukin. See Sun Elastic Corp. v. O.B. Indus., 603 So.2d 516 (Fla. 3d DCA 1992); § 542.33, Fla.Stat. (1991).
Accordingly, the order under review is reversed and the cause remanded.