642 So.2d 1127 (1994)
The STATE CHEMICAL MANUFACTURING COMPANY, an Ohio corporation, Appellant,
v.
Felix M. Lopez, Oscar Cabarcas, Eduardo Castro and Gold Coast Chemical Corporation, a Florida corporation, jointly and Severally, Appellees.
No. 94-296.
District Court of Appeal of Florida, Third District.
September 21, 1994.
William A. Barnett, Richard & Richard and Richard Sarafan, Miami, for appellant.
*1128 Joseph M. Sciandra, Fort Lauderdale, for appellees.
Before HUBBART, BASKIN and COPE, JJ.
BASKIN, Judge.
State Chemical Manufacturing Company [State Chemical] appeals an order denying its motion for a temporary injunction enforcing a non-competition clause in an employment agreement executed by former employee Felix M. Lopez. We reverse in part, affirm in part and remand.
Lopez executed an employment agreement that contained a clause prohibiting Lopez from working for any State Chemical competitor or contacting any State Chemical customers for a period of twenty-four months after leaving State Chemical's employ.[1] However, upon resigning his position as State Chemical's District Sales Manager, Lopez began working for Gold Coast Chemical Corporation [Gold Coast], a State Chemical competitor.
State Chemical filed a lawsuit against Lopez seeking damages for breach of the non-compete clause. State Chemical moved for a temporary injunction preventing Lopez from working for Gold Coast and from contacting State Chemical's customers. The trial court denied the motion.
The issue on appeal is controlled by section 542.33(2)(a), Florida Statutes, as amended in chapter 90-216, section 1, Laws of Florida.[2] The 1990 amendment restricts the availability of injunctive relief in non-compete agreement cases by requiring parties to plead and prove irreparable injury. Sun Elastic Corp. v. O.B. Industries, 603 So.2d 516 (Fla. 3d DCA 1992); Hapney v. Central Garage, Inc., 579 So.2d 127 (Fla. 2d DCA), review denied, 591 So.2d 180 (Fla. 1991). However, the amendment did not disturb "the presumption of irreparable injury in connection with the use of trade secrets, customer lists, or direct solicitation of existing customers... ." Sun Elastic Corp., 603 So.2d at 517 n. 2 (quoting Hapney, 579 So.2d at 133 n. 4).
In this case, State Chemical sufficiently demonstrated that Lopez was contacting its customers; the presumption of irreparable injury attaches to this activity. § 542.33(2)(a), Fla. Stat. (Supp. 1990). The next inquiry is whether the terms of the agreement are "reasonable as to its duration and geographical limitation... ." Sun Elastic Corp., 603 So.2d at 517; Lovell Farms, Inc. v. Levy, 641 So.2d 103 (Fla. 3d DCA 1994). Although the order denying the motion for injunction does not explain the court's reasoning, at the hearing the trial court announced that it "would be onerous to prevent anyone from [sic] working there from ever being in the same field for twenty-four months." There is no basis in the record to support the trial court's finding that the two-year period in the agreement is unreasonable. This court has upheld a two-year restriction as reasonable on its face. Orkin Exterminating Co. v. Martin, 516 So.2d 970 (Fla. 3d DCA 1987). Moreover, Lopez did not meet his burden of showing *1129 that the term was unreasonable as applied to him. Orkin Exterminating Co., 516 So.2d at 971. Thus, the trial court erred in failing to enjoin Lopez from further solicitation of State Chemical's customers.
As to the second ground asserted for injunctive relief, the trial court correctly denied State Chemical's request to enjoin Lopez from working for a competitor. The presumption of irreparable injury does not attach to an allegation of employment with a competitor under section 542.33(2)(a). A review of the record demonstrates that State Chemical did not prove irreparable injury stemming from Lopez's employment with a competitor. Jewett Orthopaedic Clinic, P.A. v. White, 629 So.2d 922 (Fla. 5th DCA 1993); AGS Computer Serv., Inc. v. Rodriguez, 592 So.2d 801 (Fla. 4th DCA 1992). Hence, the trial court's denial of the injunction on this ground was proper.
For the foregoing reasons, we affirm the portion of the order declining to enjoin Lopez from working for a State Chemical competitor; we reverse the denial of State Chemical's request to enjoin Lopez from contacting State Chemical customers. The cause is remanded for entry of an order consistent with this opinion.
Affirmed in part; reversed in part; and remanded.
NOTES
[1] The employment contract provides:

VI. C. 1. That while he/she is in the service of the EMPLOYER under this contract, and for a period of twenty four (24) months after leaving the service of the EMPLOYER he/she will not under any circumstances or conditions whatsoever engage in or become interested in directly or indirectly with any business competitive to that of the EMPLOYER in the ASSIGNED AREA
.....
3. That he/she will not while in the service of the EMPLOYER and for twenty four (24) months thereafter in any way divert or attempt to divert from said EMPLOYER any business patronage or customers to any other person, firm or corporation in and from the assigned territory.
[2] Section 542.33(2)(a) provides:

(2)(a) One ... who is employed as an agent, independent contractor, or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employers ... Said agreements may, in the discretion of a court of competent jurisdiction, be enforced by injunction. However, the court shall not enter an injunction contrary to the public health, safety or welfare or in any case where the injunction enforces an unreasonable covenant not to compete or where there is no showing of irreparable injury. However, use of specific trade secrets, customer lists, or direct solicitation of existing customers shall be presumed to be an irreparable injury and may be specifically enjoined.
(Emphasis added).