717 So.2d 1094 (1998)
DON KING PRODUCTIONS, INC., Appellant,
v.
Julio Cesar CHAVEZ, Top Rank, Inc., Time-warner Entertainment, L.P., and Robert Arum, individually, Appellees.
No. 98-2909.
District Court of Appeal of Florida, Fourth District.
September 15, 1998.
Alvin B. Davis, William K. Hill, P.A., and Lornette A. Reynolds of Steel Hector & Davis LLP, Miami, for appellant.
Robert T. Wright, Jr. of Verner, Liipert, Bernard, McPherson and Hand, Miami, and Judd Burstein of Judd Burstein, P.C., and Jay Goldberg of Jay Goldberg, P.C., New York City, for appellee Julio Cesar Chavez.
Michael S. Olin and Robert C. Josefsberg of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for appellees Top Rank, Inc., Time-Warner Entertainment Company, L.P. and Robert Arum.
PER CURIAM.
This case involves the interpretation of section 542.335(1)(j), Florida Statutes (1997), and whether the statutory presumption of irreparable injury where a valid contract restricting competition is breached is a conclusive one or a rebuttable one. We hold that it is a rebuttable presumption and affirm the trial court's denial of a temporary injunction.
Although boxer Julio Cesar Chavez signed an exclusive promotional contract with Don King Productions, Inc. ("DKP") in 1997, Chavez subsequently signed in 1998 a twobout agreement with Top Rank, Inc., another *1095 promoter, for a fight on June 22, 1998 and, if successful, the upcoming World Boxing Commission Welterweight Championship scheduled for September 18, 1998. Chavez filed suit to determine the enforceability of his contract with DKP, who then filed a counterclaim based on breach of the exclusive contract and moved the court for a temporary injunction based on said contract. DKP cancelled a hearing to prevent the June fight, which took place. However, in August it rescheduled a hearing on the motion. After the hearing, the trial court denied the temporary injunction, finding that DKP had suffered no irreparable harm, and, in the alternative, that DKP had "waived" any irreparable harm by withdrawing its motion to stop the June fight.
DKP argues that the trial court erred in not applying the presumption of irreparable injury, which is contained in the 1996 amendment to section 542.335, Florida Statutes, as a conclusive presumption, thus entitling DKP to an injunction. The statute says that "[t]he violation of an enforceable restrictive covenant creates a presumption of irreparable injury to the person seeking enforcement of a restrictive covenant." § 542.335(1)(j), Fla. Stat. (Supp.1996). DKP points to other sections of the statute which specifically refer to particular presumptions as rebuttable, and cites to the proposition that where the legislature has used a term in one section of a statute but omits it in another section of the same statute, then the court will not imply the term where it has been excluded. See Leisure Resorts, Inc. v. Frank J. Rooney, Inc., 654 So.2d 911, 914 (Fla.1995). However, section 90.301(2) of the Florida Evidence Code provides the legislatively enacted rule that presumptions are rebuttable "unless conclusive under the law from which they arise." Thus, it seems to us that unless the legislature specifically designates a presumption as conclusive, it is rebuttable under this section.
In addition, the legislative history of the statutory amendment shows that the legislature did not intend to create a conclusive presumption in the statute. In the original bills offered in both the House and Senate, the language expressly created a conclusive presumption of irreparable harm. The section was amended in the final versions to delete that provision and substitute the present language. The removal of the language creating a conclusive presumption clearly supports the interpretation that the presumption is rebuttable. Compare Fla. HB 611 (1996) with CS for HB 611 and 375 (1996); compare Fla. SB 1224 (1996) with CS for SB 282 & 1224 (1996); see also Note, Striking a Balance?: The Florida Legislature Adopts an Unfair Competition Approach to Restrictive Covenants, 49 Fla. L.Rev. 81, 108 (1997). The courts may properly take notice of changes made to a bill during the process of enactment. See McDonald v. Roland, 65 So.2d 12, 14 (Fla.1953). The deletion of the language specifically supporting DKP's construction of the statute is one of the surest signs of its rejection by the legislature. See State ex rel. Finlayson v. Amos, 76 Fla. 26, 79 So. 433, 435 (1918). Put another way, when the legislature so clearly and intentionally removed the language in this statute making the presumption of irreparable injury conclusive, this court will not contravene the legislature's obvious intentions by restoring the excluded language.
Whether we consider the evidence as rebutting the presumption of irreparable harm or waiving DKP's right to the enforcement of its contract by injunction, we affirm the trial court's consideration and determination that there was no irreparable harm shown and that DKP waived any right to proceed with the injunction by withdrawing its first request and allowing the first fight to proceed. In addition, there was evidence that all of the proceeds of the fight would be available to satisfy any damages claims, thus rebutting the presumption of irreparable injury. And, the trial court could have concluded that any "reputational" damage was suffered by proceeding with the first fight. These were factual issues for the trial court, which we will not disturb.
Finding no merit in the remaining points raised, we affirm.
WARNER and TAYLOR, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.