745 So.2d 1101 (1999)
GLOBE DATA SYSTEMS d/b/a Globe Ticket & Label Co., Appellants,
v.
Richard JOHNSON, Appellee.
No. 99-545.
District Court of Appeal of Florida, Fifth District.
December 3, 1999.
*1102 John F. Phillips, Ft. Lauderdale, for Appellants.
Shannon McLin Carlyle of Shannon McLin Carlyle, P.A., Leesburg, for Appellee.

MOTION FOR REHEARING
PETERSON, J.
The appellee, Richard Johnson, moves for rehearing raising several points that would have been helpful to us had they been timely raised in an answer brief. We grant the motion for rehearing and withdraw our previous opinion for the limited purpose of restricting relief to a temporary injunction and substitute the withdrawn opinion with the following.
Globe Data Systems ("Globe") appeals the denial of its motion for a temporary injunction to enforce a non-competition agreement with a former employee, Richard Johnson.
Johnson began working for Globe in January, 1991, as a statewide salesman in Florida, excluding the western panhandle. Upon his employment with Globe, Johnson entered into a non-competition agreement in which he agreed not to compete with Globe, directly or indirectly, in the geographic sales area in which he had been employed for a one year period following the termination of employment. Nevertheless, on July 20, 1998, Johnson resigned and two days later he began working for Globe's largest national competitor, Weldon, Williams and Lick (WWL) with his sales area being the entire State of Florida.
During the hearing on Globe's motion for injunctive relief, Johnson testified that he entered into the non-competition agreement freely and voluntarily, and specifically understood that he was not to compete with Globe for a one year period following the termination of his employment. Nevertheless, Johnson admitted to having contacted customers he serviced at Globe since leaving Globe to let them know that he was now with WWL and could supply them with other types of products that Globe does not offer.
Globe's witnesses verified that Johnson had spoken to several Globe customers since leaving, and directly solicited these customers for business with WWL. Johnson's failure to honor his obligations is especially damaging to Globe because he was Globe's number one sales person. It should also be noted that Globe's vice-president of sales was instrumental in assisting Johnson with obtaining many of the customers Johnson had at Globe and still maintains contact with at WWL.
The trial court found, inter alia, that while "[t]he evidence in this case does indicate that defendant Richard Johnson has solicited business and obtained business for his new employer from some customers that were also being supplied with competing products by Globe ...," there is no evidence of irreparable injury, and that because "public interest favors competition, and not restraints on competition ... the public interest would be disfavored by an injunction in this Case." The trial court also noted that, "[f]or purpose [sic] of this hearing on issuance of a temporary injunction, the court has not construed the.. noncompetition agreement." That agreement, however, and its review under section 542.33, Florida Statutes (1991), governs the outcome of this appeal.
*1103 Subsection 542.33(1) prohibits all contracts in restraint of trade unless they fall under subsection (2) or (3) of that statute. The facts of this case fall under subsection (2)(a), which provides that an employee may agree with an employer to:
[R]efrain from carrying on or engaging in a similar business and from soliciting old customers of such employers within a reasonably limited time and area, ... so long as such employer, continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction, be enforced by injunction. However, the court shall not enter an injunction contrary to the public health, safety, or welfare or in any case where the injunction enforces an unreasonable covenant not to compete or where there is no showing of irreparable injury. However, use of specific trade secrets, customer lists, or direct solicitation of existing customers shall be presumed to be an irreparable injury and may be specifically enjoined. ...
Under this version of section 542.33, irreparable injury is not normally presumed upon proof of breach of an agreement not to compete. King v. Jessup, 698 So.2d 339 (Fla. 5th DCA 1997). However, the use of trade secrets, customer lists, or direct solicitation of existing customers are an exception and do give rise to a presumption of irreparable injury. State Chemical Mfg. Co. v. Lopez, 642 So.2d 1127 (Fla. 3d DCA 1994). The record in the instant case reveals, by Johnson's own admission and the trial court's finding of fact, that he directly solicited existing Globe customers for business with Globe's largest national competitor, WWL. Accordingly, the presumption of irreparable injury arises. See Health Care Mgmt. Consulting, Inc. v. McCombes, 661 So.2d 1223 (Fla. 1st DCA 1995); Royal Floral Distributors, Inc. v. Karukin, 625 So.2d 1307 (Fla. 3d DCA 1993); Sun Elastic Corp. v. O.B. Industries, 603 So.2d 516 (Fla. 3d DCA 1992).
The non-competition agreement must next be examined to determine its reasonableness. Jewett Orthopaedic Clinic, P.A. v. White, 629 So.2d 922 (Fla. 5th DCA 1993). Globe presented evidence that WWL is a national company and that it is not unreasonable to speculate that Johnson, an obviously talented salesman, could maintain his sales position in a different territory. Further, the period of non-competition is only for one year. Thus, based on the particular facts of the instant case, we find the parties' non-competition agreement to be reasonable.
Lastly, although the trial court correctly observed that employees and the general public have a vital interest in freely offering their industry, skills and talents through marketplace competition, that interest must be balanced against the equally important rights to contract freely and to enforce freely bargained for contractual duties. Id. at 926. In the instant case, it is undisputed that Johnson freely and voluntarily entered into his non-competition agreement with Globe, and that he understood the scope of this agreement. Since Johnson agreed not to compete in Florida with Globe for a period of one year after he left Globe, he must be held to that undertaking. Accordingly, the judgment below is reversed and we remand to the trial court with directions to temporarily enjoin Johnson from violating his non-competition agreement with Globe. The matter shall then proceed to a final hearing to determine whether the temporary injunction should be dissolved or a permanent injunction issued.
REVERSED AND REMANDED.
ANTOON, C.J., and HARRIS, J. concur.