785 So.2d 1290 (2001)
Richard JOHNSON, Appellant,
v.
GLOBE DATA SYSTEMS, d/b/a Globe Ticket, etc., Appellee.
No. 5D00-1046.
District Court of Appeal of Florida, Fifth District.
June 8, 2001.
Shannon McLin Carlyle of Shannon McLin Carlyle, P.A., Leesburg, for Appellant.
John F. Phillips, Ft. Lauderdale, for Appellee.
PER CURIAM.
In this non-compete case, Globe Data Systems seeks to enjoin Richard Johnson, its former employee, from violating his employment agreement. We affirm the *1291 trial court's entry of a permanent injunction, modifying said injunction so that the one year period of injunctive relief commences on the date this opinion is issued.
The case began when Globe's motion to obtain a temporary injunction was denied by the trial court. This court, in Globe Data Systems v. Johnson, 745 So.2d 1101 (Fla. 5th DCA 1999) (Globe I), reversed the order of the trial court because Johnson's use of Globe's customer lists and direct solicitation of its existing customers gave rise to a presumption of irreparable injury. State Chemical Mfg. Co. v. Lopez, 642 So.2d 1127 (Fla. 3d DCA 1994). The record, and Johnson's own admission, established that he directly solicited existing Globe customers. Accordingly, in Globe I, this court wrote "the presumption of irreparable injury arises." Globe I at 1103. The case was remanded with directions to temporarily enjoin Johnson and then conduct a final hearing to determine whether the temporary injunction should be dissolved or a permanent injunction issued.
On remand, the trial court failed to enter a temporary injunction. Instead, the court held a hearing and issued a permanent injunction noting that the evidence at the final hearing was not "greatly different" from that presented at the temporary hearing. The injunction was to run for one year commencing March 27, 2000. However, by its failure to issue the temporary injunction and its subsequent stay of the permanent injunction, the trial court effectively negated our clear mandate directing the entry of a temporary injunction.
In its memorandum of ruling, the trial court concluded that the presumption of irreparable harm had been overcome in this case. This conclusion is unsupported by the uncontested evidence and contrary to our ruling in Globe I. However, the trial court did then state:
The district court has reviewed the evidence presented at the temporary injunction hearing, and it found this court was wrong and read the evidence as compelling issuance of the injunction. That evidence has not changed, so the law of the case is that the injunction should issue.
Indeed, as to the presumption of irreparable harm arising from Johnson's admissions of use of customer lists and direct solicitation of existing customers (which did not change at the permanent injunction hearing), Globe I was the law of this case. The "law of the case" may be defined as follows: "Whatever is once established, on appeal, between the same parties in the same case continues to be the law of the case, whether correct on general principles or not, so long as the facts on which such decision was predicated continue to be the facts in the case." Wolf Ridge Plastics, Inc. v. Jacksonville Elec. Authority, 388 So.2d 1298, 1301 (Fla. 1st DCA 1980), rev. denied, 397 So.2d 780 (Fla.1981).
The trial court further noted its reluctance to enter the permanent injunction, stating:
It is not appropriate to pour over the opinion of the district court of appeal and try to distinguish one argument from another or try to psychoanalyze appellate judges as to their intent. The district court mandate necessarily upholds the noncompete agreement and necessarily finds the evidence to be sufficient to compel issuing the injunction as a matter of law. The district court has authority to make that decision and even if I don't agree, they outrank me, and I am obliged to follow their decision.
* * *
The evidence at the final hearing was not greatly different from the evidence *1292 at the temporary hearing. Therefore, to deny the permanent injunction after the district court mandate to issue an injunction would be truculent.
We note Judge Baker's comments only to express our relief that he apparently understands the role and authority of the appellate courts.
The entry of the permanent injunction is affirmed. However, the one year period referenced in the injunction shall commence upon issuance of this opinion. The filing of a motion for rehearing shall not delay the effective date of the injunction and the trial court shall not stay the operation of the injunction.
AFFIRMED, AS MODIFIED.
PLEUS, PALMER and ORFINGER, R.B., JJ., concur.