830 So.2d 906 (2002)
AMERICA II ELECTRONICS, INC., Appellant,
v.
Joel SMITH, Appellee.
No. 2D02-1087.
District Court of Appeal of Florida, Second District.
November 20, 2002.
*907 Raymond T. Elligett, Jr. of Schropp, Buell & Elligett, Tampa, Richard E. Fee of Ganther & Fee, P.A., Tampa, and Richard C. McCrea, Jr. and Melanie J. LaFond of Zinober & McCrea, P.A., Tampa, for Appellant.
Peter M. Walsh of Peter M. Walsh & Associates, P.A., St. Petersburg, and Michael J. Keane and Brandon S. Vesely of Keane, Reese & Vesely, P.A., St. Petersburg, for Appellee.
NORTHCUTT, Judge.
America II Electronics, Inc. sought a temporary injunction against its former employee, Joel Smith, to enforce a non-compete agreement. The circuit court denied relief on the ground that America II failed to present evidence that Smith had directly solicited its customers or that America II otherwise would suffer irreparable injury if the injunction was not entered. However, under the law applicable to the dispute, America II was not required to prove those things in order to make a prima facie case for a temporary injunction. We reverse and remand for further proceedings.
Smith began working for America II, an electronics component distributor, in May 1995. The agreement at issue here was executed on July 29, 1996. In it, Smith agreed not to disclose or use any confidential information, trade secrets, or proprietary information belonging to America II. Further, Smith agreed that for a period of two years following his employment he would not render any service in any capacity to any competitor, vendor or customer of America II; directly or indirectly compete with America II; or directly or indirectly solicit or procure the trade, business, or patronage of any company vendors, customers, or prospective customers whom he learned about while employed by America II.
Smith left the company on January 31, 2001. In January 2002, he commenced employment with Anovastar, a distributor of electronic components and a competitor of America II. America II sued Smith for breach of contract and sought damages and an order temporarily and permanently enjoining him from performing services for Anovastar, using or disclosing confidential or proprietary business information, or diverting or attempting to divert America II's customers, vendors, and business partners.
When America II finished presenting its evidence at the hearing on its motion for temporary injunction, Smith's attorney moved the court to deny the injunction without requiring him to submit evidence. Relying heavily on Bradley v. Health Coalition, Inc., 687 So.2d 329 (Fla. 3d DCA 1997), Smith's counsel pointed out that America II had failed to present evidence that Smith had solicited any of America II's customers, and he argued that America II had offered no evidence that it would be irreparably injured if the injunction was not entered. The circuit court agreed, and for those reasons declined to enter the injunction.
Bradley does not control this case. It was decided under the 1991 version of section 542.33(2)(a), Florida Statutes (1991), which provided that "the court shall not enter an injunction ... where there is no showing of irreparable injury." "However," the statute said, "use of specific trade secrets, customer lists, or direct solicitation of existing customers shall be presumed to be an irreparable injury and may be specifically enjoined." In 1996 the *908 legislature significantly altered the law governing restrictive covenants with respect to agreements entered on or after July 1 of that year. As to those agreements, section 542.33 was repealed and a new statute, section 542.335, controlled. The latter statute, in effect when these parties entered into the non-compete agreement on July 29, 1996, governs this case.
Under section 542.335(j), Florida Statutes (2001), a party seeking to enforce a restrictive covenant by injunction need not directly prove that the defendant's specific activities will cause irreparable injury if not enjoined. Rather, the statute provides that "[t]he violation of an enforceable restrictive covenant creates a presumption of irreparable injury to the person seeking enforcement of a restrictive covenant." Here, the record reflects that America II's evidence was sufficient to prove a violation of an enforceable restrictive covenant under section 542.335. Therefore, its evidence was sufficient to create a rebuttable presumption of irreparable injury for purposes of obtaining an injunction under section 542.335(j). See Don King Prods., Inc. v. Chavez, 717 So.2d 1094 (Fla. 4th DCA 1998).
Accordingly, we reverse and remand for further proceedings on America II's motion for temporary injunction.
SALCINES and SILBERMAN, JJ., Concur.