922 So.2d 1081 (2006)
JONJUAN SALON, INC., Appellant,
v.
Andrea ACOSTA f/k/a Andrea Rosario and Michael Scott Hair Salon, Appellees.
No. 4D05-2967.
District Court of Appeal of Florida, Fourth District.
March 22, 2006.
*1082 Bernardo Burstein of Burstein & Associates, P.A., Miami, for appellant.
Mark F. Booth of Rogers, Morris & Ziegler, LLP, Fort Lauderdale, for appellee Andrea Acosta.
POLEN, J.
Appellant JonJuan Salon, Inc. ("Jon-Juan"), timely appeals a non-final Order *1083 Denying Plaintiff's Emergency Motion for Temporary Restraining Order. For the reasons explained herein, we hold that the trial court abused its discretion in denying JonJuan's motion for a temporary injunction.
Appellee Andrea Acosta ("Acosta") had been employed as a hair stylist at Jon-Juan, a hair salon, beginning September 25, 2003. On May 14, 2005, she ceased her employment at JonJuan and, three days later, began working at Michael Scott Hair Salon ("Michael Scott"), which is located approximately 1.4 miles from JonJuan. In response, JonJuan sued Acosta and Michael Scott, alleging violation of a noncompete provision of the Independent Contractor Agreement Acosta had signed with JonJuan on September 25, 2003. The "Non-Competition" section of the agreement states:
In consideration of employment/independent contracting by the Corporation, the signature below of the Independent Contractor, demonstrates agreement to not compete with the business of the Corporation or its designated successors or assigns. This agreement will hold valid upon the termination of employment or contracting with said Corporation, notwithstanding the cause of termination, within an area of 10 miles from JonJuan Salon at 153 N. Nob Hill Road, Plantation, FL 33324. In addition, I shall not directly or indirectly own, be employed by or work on behalf of any firm engaged in the business of Salon and Spa services or any business of said Corporation.
Commencing with the date of employment or contracting termination, this non-compete agreement shall remain in full force and effect for 2 years.
JonJuan also filed an Emergency Motion for Temporary Restraining Order Pending Final Disposition of this Action. It requested that a temporary injunction be rendered against Acosta and Michael Scott to enjoin the continuing violation and interference with the covenant not to compete. The trial court held an evidentiary hearing on the motion, during which JonJuan presented the testimony of two witnesses, its owner and one of its customers. At the close of JonJuan's case, Acosta moved to dismiss the temporary injunction motion. The trial court found that JonJuan did not meet its burden for the purposes of a temporary injunction of establishing that there was a showing of irreparable harm or likelihood of success on the merits. The trial court denied the motion for a temporary injunction and JonJuan appealed.
We find that the trial court abused its discretion in denying JonJuan's motion for a temporary injunction. "An appellant who challenges the denial of a temporary injunction has a heavy burden. The trial court's ruling on a motion for temporary injunction is presumed to be correct and will not be overturned absent a clear abuse of discretion." 3299 N. Fed. Highway, Inc. v. Bd. of County Com'rs of Broward Co., 646 So.2d 215, 220 (Fla. 4th DCA 1994) (citations omitted). "The proper issuance of a temporary injunction requires a showing of four elements: `(1) irreparable harm; (2) a clear legal right; (3) an inadequate remedy at law; and (4) that the public interest will be served.'" Keystone Creations, Inc. v. City of Delray Beach, 890 So.2d 1119 (Fla. 4th DCA 2004) (quoting Weinstein v. Aisenberg, 758 So.2d 705, 706 (Fla. 4th DCA 2000)).
First, we find that JonJuan met its burden for the purposes of a temporary injunction of establishing that there was a likelihood of success on the merits. "Any restrictive covenant not supported by a legitimate business interest is unlawful and is void and unenforceable." § 542.335(1)(b). *1084 Anyone seeking enforcement of a restrictive covenant must prove the existence of one or more legitimate business interests justifying the restrictive covenant. Id. The term "legitimate business interest" includes, but is not limited to: "[v]aluable confidential business or professional information that otherwise does not qualify as trade secrets," "[s]ubstantial relationships with specific prospective or existing customers, patients, or clients," and [c]ustomer, patient, or client goodwill associated with: ... "[a] specific geographic location" or "[a] specific marketing or trade area." Id. Additionally, "[a] court shall construe a restrictive covenant in favor of providing reasonable protection to all legitimate business interests established by the person seeking enforcement." § 542.335(1)(h), Fla. Stat. Moreover, "[a] court shall not employ any rule of contract construction that requires the court to construe a restrictive covenant narrowly, against the restraint, or against the drafter of the contract." Id.
In this case, JonJuan put forward evidence at the hearing to establish that the covenant is supported by legitimate business interests. JonJuan's owner testified that the salon's place of business caters to a localized geographic region, that its customers tend to live in a neighborhood nearby the salon, and that JonJuan and Michael Scott compete for the same clientele. Acosta began her employment with JonJuan on September 10, 2003, when the salon opened. Although she brought some customers with her to JonJuan, during the time she worked at JonJuan, she was also given customers by the salon, such that by the time she left she was working with a mix of customers that she had brought with her and those who had been given to her by the salon. JonJuan's owner also testified that the restrictive covenant was intended to protect JonJuan's goodwill and substantial relationship with its customers and its geographic marketplace: "It protects us in ways so we don't lose our clientele which we've established since we opened."
Second, we find that JonJuan met its burden for the purposes of a temporary injunction of establishing that there was a showing of irreparable harm. "[A]n injury is irreparable where the damage is estimable only by conjecture, and not by any accurate standard." Sun Elastic Corp. v. O.B. Indus., 603 So.2d 516, 517 n. 3 (Fla. 3d DCA 1992). "The violation of an enforceable restrictive covenant creates a presumption of irreparable injury to the person seeking enforcement of a restrictive covenant." § 542.335(1)(j), Fla. Stat. See also T.K. Commc'ns, Inc. v. Herman, 505 So.2d 484, 486 (Fla. 4th DCA 1987) ("Where a covenant not to compete is violated, irreparable injury is presumed and does not have to be proven to obtain an injunction."); Am. II Elecs., Inc. v. Smith, 830 So.2d 906 (Fla. 2d DCA 2002) (holding that evidence was sufficient to prove a violation of an enforceable restrictive covenant under section 542.335 and, therefore, was sufficient to create a rebuttable presumption of irreparable injury for purposes of obtaining an injunction under section 542.335(j)). Here, the record clearly shows that Acosta violated the restrictive covenant by going to work at Michael Scott, which was within 10 miles of JonJuan, less than two years after she left JonJuan. Thus, there is a presumption that JonJuan suffered irreparable harm as a result of Acosta's violation of the restrictive covenant.
Of course, the presumption of irreparable injury is rebuttable. See Don King Prods., Inc. v. Chavez, 717 So.2d 1094 (Fla. 4th DCA 1998) (holding that the statutory presumption of irreparable injury where a valid contract restricting competition is breached is a rebuttable presumption, as opposed to a conclusive *1085 presumption); Passalacqua v. Naviant, Inc., 844 So.2d 792 (Fla. 4th DCA 2003). Acosta argues that the evidence at the hearing rebutted the presumption in this case. She points to the testimony of Anne Marie Masi, a JonJuan witness, who stated that Acosta had contacted her about switching her appointment to Michael Scott. Masi testified that she did not switch to Michael Scott because she wanted to stay at JonJuan. Acosta argues that because the solicitation was unsuccessful in the case of Masi, the presumption of irreparable injury was rebutted. Acosta's argument is flawed. That JonJuan did not suffer direct monetary damages from the solicitation of Masi does not mean that JonJuan did not suffer irreparable injury as a result of that solicitation. Moreover, it certainly does not mean that JonJuan did not suffer irreparable injury related to other customers Acosta had worked for at JonJuan and to customers she began to work for after moving her employment to Michael Scott. Additionally, JonJuan's owner testified at the hearing that the salon lost business to Acosta and her new employer.
Based on the foregoing, we reverse and remand for further proceedings[1] on JonJuan's motion for temporary injunction, as the trial court cannot grant JonJuan a temporary injunction without first allowing Acosta to put on its evidentiary case. See Am. II Elecs., 830 So.2d at 907.
GUNTHER and MAY, JJ., concur.
NOTES
[1] Acosta contends that this appeal is moot because she is no longer working at Michael Scott. JonJuan claims the appeal is not moot because, although Acosta no longer works at Michael Scott, she is continuing to violate the restrictive covenant by working for a salon within the geographic area covered by the restrictive covenant. As there is no record evidence regarding either of these allegations, there is insufficient record evidence for this court to find that the appeal is moot. On remand, the trial court may also consider evidence regarding whether the request for a temporary injunction has become moot.