927 So.2d 243 (2006)
VARIABLE ANNUITY LIFE INSURANCE CO., Appellant,
v.
Jeffrey HAUSINGER, Appellee.
No. 2D05-5305.
District Court of Appeal of Florida, Second District.
May 5, 2006.
*244 Charles Wachter, Hala Sandridge, and Katherine C. Lake of Fowler White Boggs Banker, P.A., Tampa; and Larry S. Pozner and Anthony L. Giacomini of Hoffman Reilly & Pozner LLP, Denver, CO, for Appellant.
Robert B. Gough, III, of Hill, Ward & Henderson, P.A., Tampa, for Appellee.
CASANUEVA, Judge.
Variable Annuity Life Insurance Co. (VALIC) appeals from an order denying its motion for preliminary injunction against its former employee, Jeffrey Hausinger. Because the trial court erred as a matter of law when it rejected the statutory presumption of irreparable harm that applies in a case like this, we reverse.
VALIC employed Jeffrey Hausinger to sell annuity products to Hillsborough County school system employees. When Mr. Hausinger first went to work for the company in February 2002, he signed a registered representative agreement acknowledging that he was an at-will employee. In consideration for access to certain confidential and proprietary information of his employer, Mr. Hausinger agreed not to disclose trade secrets  including customer identities and account information  at any time after his termination and not to disclose or use any confidential and proprietary information for a period of two years after termination. Mr. Hausinger further agreed that, in the event of termination and for one year thereafter, he would not solicit directly or indirectly any customers who had been assigned to him within one year preceding his departure. Finally, he agreed to injunctive relief if he violated these provisions of his employment contract.
In August 2005, Mr. Hausinger left VALIC and went to work with Merrill Lynch. At the time of his resignation, Mr. Hausinger had more than a thousand VALIC clients. Within a short time after Mr. Hausinger departed, VALIC discovered that he was soliciting VALIC customers on behalf of Merrill Lynch. VALIC also discovered that prior to his departure, Mr. Hausinger had downloaded confidential customer information and trade secrets from his multiple password-secured VALIC laptop onto a portable flash drive and had taken the information with him to Merrill Lynch. Approximately ten days after VALIC's demand, Mr. Hausinger returned the flash drive; within a few more days, Mr. Hausinger returned a box containing over three hundred client files, confidential paperwork, and VALIC forms.
Within two weeks after Mr. Hausinger's departure, VALIC discovered that he had been soliciting certain "premium" clients who had large sums of money to roll over into a Merrill Lynch account. VALIC ultimately pinpointed at least seven former clients who rolled their accounts over to Merrill Lynch, the combined assets of which were over a million dollars.
VALIC immediately moved for preliminary injunction, contending that Mr. Hausinger had violated an enforceable nonsolicitation agreement and that VALIC had suffered and would continue to suffer irreparable injury from Mr. Hausinger's breach, for which there was no adequate remedy at law. In its motion for preliminary injunction, VALIC pleaded the operation of section 542.335(1)(j), Florida Statutes (2005), which creates a presumption of irreparable harm upon violation of an enforceable restrictive covenant: "A court shall enforce a restrictive covenant by any appropriate and effective remedy, including, but not limited to, temporary and permanent injunctions. The violation of an enforceable restrictive covenant creates a presumption of irreparable injury to the *245 person seeking enforcement of the restrictive covenant."
Quoting directly from the statute, this court analyzed section 542.335(1)(j) in America II Electronics, Inc. v. Smith, 830 So.2d 906, 908 (Fla. 2d DCA 2002), and held that "a party seeking to enforce a restrictive covenant by injunction need not directly prove that the defendant's specific activities will cause irreparable injury if not enjoined. Rather, the statute provides that `[t]he violation of an enforceable restrictive covenant creates a presumption of irreparable injury to the person seeking enforcement of a restrictive covenant.'" In this case, the trial court recognized that the statute operates to create a presumption of irreparable injury to the employer and that the burden shifted to Mr. Hausinger to establish the absence of such injury. However, because VALIC presented evidence as to the actual damages it had suffered as to seven specific clients, the trial court concluded that legal damages were sufficient to compensate VALIC and that it had not suffered irreparable harm.
In our view, the trial court misunderstood the statutory presumption. It is true that money damages were ascertainable as to some clients that Mr. Hausinger admittedly solicited. But the harm presumed under the statute includes the potential damage to VALIC's longstanding relationships with its customers and the protection of confidential client information. A federal district court in Florida's Middle District commented upon the irreparable harm presumption in North American Products Corp. v. Moore, 196 F.Supp.2d 1217, 1230-31 (M.D.Fla.2002):
The focus of preliminary injunctive relief is on maintaining long standing relationships and preserving the goodwill of a company built up over the course of years of doing business. . . .
Plaintiff's [sic] argument that there is no irreparable harm because Plaintiff's injuries, if any, are subject to a monetary judgment, is equally without merit and has been rejected by other courts, where, as here, there is a statutory presumption of irreparable harm.
The North American Products court cited Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hagerty, 808 F.Supp. 1555, 1559 (S.D.Fla.1992), which emphasized the presumption of harm in a case like this one, involving breach of a noncompetition agreement by copying sensitive information from an employer's computer and soliciting from the former employer's clientele:
Florida courts have repeatedly held that injunctive relief is appropriate where customer lists are involved. In Carnahan v. Alexander Proudfoot Co., 581 So.2d 184 (Fla. 4th Dist.Ct.App.1991), the court found that even if irreparable injury was not presumed, copying computer disks and soliciting clients would cause irreparable harm. Under the current facts and statute, however, irreparable injury actually is presumed. Moreover, the Florida Supreme Court has held repeatedly that where a Defendant has breached a covenant not to compete "[t]he Court may award damages. . . but the normal remedy is to grant an injunction. This is so because of the inherently difficult task of determining just what damage is actually caused by the employee's breach of the agreement." Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla.1974).
The trial court correctly found that VALIC had established a prima facie case and recognized that irreparable injury was presumed. It erred, however, by finding that Mr. Hausinger had rebutted that presumption through VALIC's demonstration of its known financial losses up until the *246 date of the hearing. Because the court erred as a matter of law, we reverse the denial of the motion for preliminary injunction and remand for further proceedings.
WHATLEY and WALLACE, JJ., Concur.