MONACO, J.
This case in various iterations has been before this court on a number of occasions in the past. The trial court in the current controversy issued a single order that, first, denied the appellants’ motion to modify a temporary injunction; and second, remanded the case to the Southwest Florida Water Management District for an evi-dentiary hearing.
We have jurisdiction to review the non-final order denying the motion to modify the temporary injunction pursuant to Rule 9.130(a)(3)(B), Florida Rules of Appellate Procedure.[1] We review such orders using an abuse of discretion standard, except when the issue resolved by the trial court is purely a matter of law. If the issue is purely one of law, review is de novo. See Armstrong v. Harris, 773 So.2d 7, 11 (Fla.2000), cert, denied, 532 U.S. 958, 121 S.Ct. 1487, 149 L.Ed.2d 374 (2001); Di-Christopher v. Board of County Comm’rs, 908 So.2d 492, 494 (Fla. 5th DCA 2005). *700 In the present case we have reviewed the issue presented de novo and find no error. The trial court’s application of the “law of the case” doctrine was correct. See Johnson v. Globe Data Sys., 785 So.2d 1290, 1291 (Fla. 5th DCA 2001).
The appellants also seek to have this court review whether the remand by the trial court to the District for an evidentiary hearing was erroneous. We decline to do so. We may only review such non-final orders as are specifically enumerated in rule 9.130, or which may be reviewable by an extraordinary writ pursuant to rule 9.100. Thus, we do not have jurisdiction to review by non-final appeal that part of the order that remanded the case for an evidentiary hearing before the District. See Faulk v. Air Products & Chemicals, Inc., 798 So.2d 820 (Fla. 1st DCA 2001); Supal v. Pelot, 469 So.2d 949 (Fla. 5th DCA 1985). The procedural limitations imposed by the rules do not permit review of “tag along” orders contained within reviewable non-final orders. See RD & G Leasing, Inc. v. Stebnicki, 626 So.2d 1002 (Fla. 3d DCA 1993).
Accordingly, we affirm the order denying the modification of the injunction, and dismiss the appeal with respect to the remand for evidentiary hearing.
AFFIRMED in part, DISMISSED in part.
PALMER and TORPY, JJ., concur.

. That rule allows district courts of appeal to review non-final orders that “grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions.”