550 So.2d 563 (1989)
ORKIN EXTERMINATING CO., INC., Appellant,
v.
Michael BAILEY, Robert Tarbes and Joseph M. Hauck, Appellees.
Nos. 89-1347, 89-1348 and 89-1349.
District Court of Appeal of Florida, Fourth District.
November 1, 1989.
*564 Richard V. Neill, Jr. of Neill Griffin Jeffries & Lloyd, Chartered, Fort Pierce, for appellant.
Michael Bailey, Joseph Hauck and Robert Tarbes, Stuart, pro se.
DELL, Judge.
Orkin Exterminating Company, Inc. appeals from a non-final order granting in part and denying in part its request for temporary injunctive relief against appellees. Appellant sought to enjoin appellees, three former employees, from engaging in the pest or termite control business or soliciting former clients in violation of the noncompetition agreements contained in their employment contracts. The term of the noncompetition agreements was for a period of two years following appellees' termination of their employment with appellant and the agreements covered St. Lucie, Martin, Okeechobee, Indian River and Osceola Counties. The trial court entered separate orders as to each appellee. The court temporarily enjoined appellees Hauck and Tarbes from engaging in the pest or termite control business in Indian River County but denied the motion to enjoin such conduct in the other counties as being unreasonable. The court did temporarily enjoin Hauck and Tarbes from soliciting customers or selling services in the five counties listed in the agreement. Similarly, the trial court temporarily enjoined appellee Bailey from soliciting for the sale of services in the five counties listed in the agreement but restricted him from engaging in the pest or termite control business only in Martin County. The trial court provided that the injunctions would run for a period of two years from the date each appellee signed his most recent employment agreement with appellant.
Appellant contends the trial court erred and abused its discretion in restricting each former employee from engaging in the pest or termite control business in only one county and in determining that the injunctions would run for a period of two years from the date each appellee signed his most recent employment agreement. We agree.
We find no support in the record for the trial court's decision to grant the temporary injunctions prohibiting appellees from contacting or calling upon customers of appellant for the purposes of soliciting, etc. pest control business in the five-county area and at the same time limiting the extent of the geographic prohibition to one county as it pertained to engaging in the pest control business. The trial court failed to state reasons which support its conclusion that "the motion is denied as the court finds that request unreasonable." In Orkin Exterminating Company v. Martin, 516 So.2d 970 (Fla. 3d DCA 1987), the district court stated:
If a covenant not to compete is facially reasonable, the burden shifts to the employee to show why the covenant is unreasonable as applied to him. Silvers v. Dis-Com Securities, Inc., 403 So.2d 1133 (Fla. 4th DCA 1981). Where the territorial restriction is unreasonable, the trial court may determine what constitutes a reasonable area and enforce the covenant in the limited area. Cf. Orkin Exterminating Co. v. Girardeau, 301 So.2d 38 (Fla. 1st DCA 1974), cert. denied, 317 So.2d 75 (Fla. 1975) (geographic area covered by noncompetition provision reduced from five counties to specific area within one city).
Id. at 971-72.
In the case at bar, each appellee voluntarily terminated his employment with appellant and went to work for a competitor directly engaged in the termite and pest control business in the area encompassed by the noncompetition agreements. We find the facts of this case similar to those considered by the court in Xerographics, Inc. v. Thomas, 537 So.2d 140 (Fla. 2d DCA 1988). In Xerographics, the court concluded:
In the instant case, the trial court erred when it denied appellant an injunction enjoining appellee from working in Pinellas and Hillsborough Counties. Appellant's noncompetition agreement prohibited appellee from entering into similar employment for a period of twelve months after termination of his employment *565 with appellant within the "territory or territories assigned to [appellee] during [his] employment with Xerographics." The noncompetition agreement was clear and unambiguous... .
The noncompetition agreement was reasonable on its face. The one-year restriction was not overly burdensome. The territory restriction certainly was reasonable. Out of sixty-seven counties in Florida, appellee was prohibited from working in five counties only... .
Id. at 143.
See also Capraro v. Lanier Business Products, Inc., 445 So.2d 719 (Fla. 4th DCA 1984), affirmed, 466 So.2d 212 (Fla. 1985).
We also hold that the trial court erred when it provided that the term of the injunctions would be for a period of two years from the date each appellee signed his most recent employment agreement with appellant. Appellant is entitled to the full duration of the two-year restriction. See Capelouto v. Orkin Exterminating Co. of Florida, Inc., 183 So.2d 532 (Fla.), appeal dismissed, 385 U.S. 11, 87 S.Ct. 78, 17 L.Ed.2d 10 (1966); Kverne v. Rollins Protective Services Co., 515 So.2d 1320 (Fla. 3d DCA 1987). Therefore, the orders entered on remand must provide that the injunctions shall be for a period of two years from the date of the entry of the amended orders.
Accordingly, we reverse and remand the orders granting temporary injunctions as to each appellee and direct the trial court to amend the orders to extend the scope of the injunctions regarding engaging in the pest control, exterminating, fumigating or terminating control business to the five counties enumerated in the noncompetition agreements. We also direct the trial court to provide that the injunctions shall be for a period of two years beginning on the date the amended orders are entered. We affirm that part of the orders which enjoined appellees from contacting or calling upon customers of appellant for the purpose of soliciting, etc. pest control business in the five counties enumerated in the agreements.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
LETTS and GUNTHER, JJ., concur.