PER CURIAM.
We agree with appellant’s argument that the trial court erred in vacating the injunction against appellee Mel Goldenberg, as the injunction should have run for one year from its entry on October 18, 1996. Capelouto v. Orkin Exterminating Co. of Fla., Inc., 183 *205 So.2d 582 (Fla.), appeal dismissed, 385 U.S. 11, 87 S.Ct. 78, 17 L.Ed.2d 10 (1966); Orkin Exterminating Co. v. Bailey, 550 So.2d 563 (Fla. 4th DCA 1989).
Appellant’s additional argument, that the injunction should have been further extended based on appellee’s contempt of the injunction, is not properly before us. At the time that the trial court vacated the injunction, it had not yet ruled on the motion for contempt. Consequently, there would have been no basis at that point for extending the injunction on that ground.
Accordingly, we reverse the order vacating the temporary injunction and remand with instructions that the trial court extend the temporary injunction against Goldenberg for another three-and-a-half months, as appellant only received eight-and-a-half months of the one-year term of non-competition to which it was entitled. Appellant’s motion for attorney’s fees and costs should be presented to the bankruptcy court.
REVERSED and REMANDED.
STONE, C.J., and FARMER and STEVENSON, JJ., concur.