SUNBELT RENTALS, INC., a North Carolina corporation, Plaintiff,

v.

William DIRIENZO, Defendant.

No. 07–14058–CIV.

United States District Court, S.D. Florida.

May 9, 2007.

Patricia Jeanne Hill, Esq., David B. Wilford, Esq., Smith Gambrell & Russell, Jacksonville, FL, for Plaintiff.

Michael J. Mortell, Lewis Mortell & Lewis, Stuart, FL, for Defendant.

## ORDER DENYING RECONSIDERATION OF PRELIMINARY INJUNCTION

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon the Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (DE # 21), construed as a Motion for Reconsideration.

UPON CONSIDERATION of the Objection, and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### Background

Plaintiff Sunbelt Rentals, Inc. ("Plaintiff") is a corporation engaging in the business of selling, renting and servicing construction equipment. Plaintiff had employed Defendant William Dirienzo ("Defendant") as a sales representative to rent and sell equipment to customers. Defendant signed both non-compete and confidentiality agreements with Plaintiff. The non-compete agreement provided that the Defendant would not compete with Plaintiff for a period of six months following the termination of his employment. Defendant resigned from employment with Plaintiff effective November 15, 2006. Defendant took employment with Volvo Rents a corporation competing with Plaintiff in the same field of rental equipment. Plaintiff brought this action and a motion for a preliminary injunction claiming Defendant was violating the non-compete and confidentiality agreements working for Volvo Rents.

The Motion for Preliminary Injunction was referred to the Honorable Frank J. Lynch, United States Magistrate Judge. Magistrate Judge Lynch held a hearing on the issues involved, and then issued a Report and Recommendation dated April 6, 2007 (DE # 19), recommending that the

Motion for Preliminary Injunction be granted in part. Magistrate Judge Lynch recommended that the preliminary injunction should run six months from the date of termination of employment, November 15, 2006, so the preliminary injunction should cease on May 15, 2007. On April 20, 2007, Plaintiff filed an Objection (DE # 21) citing cases in which Florida State courts had granted injunctions for the time period specified in the agreement starting from the time the injunction was first entered, rather than the time employment was terminated. Plaintiff argues that following these cases, the Court should grant a preliminary injunction of six months starting from the date the temporary restraining order was first entered, that is March 28, 2007 to September 28, 2007.

### Discussion

"It is well established that Florida case law *permits* a non-compete period to be *equitably extended* to allow for what was intended in the bargain." *Michele Pommier Models, Inc. v. Diel*, 886 So.2d 993, 995 (Fla. 3rd DCA 2004) (emphasis added). However, it is clear that the remedy and extension are equitable in nature. *Id.* Such equitable remedies are generally within the discretion of the courts. Further, *Michele Pommier* recognizes that a court is *permitted* to equitably extend the injunction period, but the court in that case declined to grant a preliminary injunction. *Id.* The court in *Michele Pommier* further recognized that the "purpose of a temporary or preliminary injunction is not to resolve disputes, but rather to prevent irreparable harm by maintaining status quo until a final hearing can occur when full relief may be given." *Id.* at 995–96.

Plaintiff cites several cases to support its position that it should have six months of an injunction enforced by the Court, rather than an injunction covering just the six months following termination of em-

ployment. However, some of the cases cited do not appear to apply to a preliminary injunction before judgment on the merits. *See e.g., Kverne v. Rollins Protective Services Co.*, 515 So.2d 1320 (Fla. 3d DCA 1987). Also, this court does not believe that the Supreme Court of Florida's decision in *Capelouto v. Orkin Exterminating Co.*, 183 So.2d 532 (Fla.1966) requires a court to equitably extend an injunction to run from the date of the entry of the injunction order. Rather, *Capelouto* indicates only that it was appropriate for the lower court, in its discretion, to have the injunction run from the date of the entry of the injunction order. Some of the other cases, cited by Plaintiff, do include stronger language and seem to read *Capelouto* to say that an injunction should run from the date of entry of the injunction. *See Mutual Benefits Corp. v. Goldenberg, et al.*, 709 So.2d 204 (Fla. 4th DCA 1998); *Orkin Exterminating Co. Inc. v. Bailey*, 550 So.2d 563 (Fla. 4th DCA 1989); *Xerographics, Inc. v. Thomas*, 537 So.2d 140 (Fla. 2nd DCA 1988). But these cases appear to read too much into the *Capelouto* decision. A more reasonable reading would allow courts, when the circumstances make it appropriate, to equitably extend an injunction, but not require it.

This Court holds that the equitable nature of preliminary injunctions and the Supreme Court of Florida's decision in *Capelouto* permit, but do not require, a court to equitably extend a preliminary injunction to run from the time of entry of the preliminary injunction. The Magistrate Judge determined that "the verifiable, concrete harm occasioned by Defendant's employment at Volvo is relatively little." Report (DE # 19) at 8. Also, The Magistrate Judge found that, in November 2006, the Defendant "was entirely aboveboard in tendering his resignation, and he even informed Mr. DeGell of his move to

Volvo Rents." Report (DE # 19) at 5. However, the Plaintiff did not bring this action until March 9, 2007. Also, it appears that Plaintiff can be adequately compensated by damages without a preliminary injunction beyond May 15, 2007. This Court does not believe that extending the preliminary injunction in this case is warranted and declines to extend the preliminary injunction beyond the six months following employment.

### Conclusion

Based on the foregoing, it is

ORDERED AND ADJUDGED that reconsideration is DENIED. The preliminary injunction shall continue consistent with the limitations identified in Magistrate Judge Lynch's Report and Recommendation (DE # 19) and for the reasons articulated therein. The injunction shall run only until May 15, 2007.