GERBER, J.
A company appeals from the circuit court’s non-final order denying the company’s motion for temporary injunction against its former worker for violating a non-compete/non-solicitation agreement. The company argues the court misinterpreted the agreement to find that when the company changed the worker’s status to an independent contractor, the non-compete period began running and then expired before the worker left to start a competing business. We agree with the company’s argument and reverse.
The company hired the worker in 2008. The company had the worker sign a non-compete/non-solicitation agreement. The agreement stated, in pertinent part:
In consideration of my at-will employment or continued at-will employment by [the company] and the compensation now and hereafter paid to me, I hereby agree as follows:
[[Image here]]
I will not, either during my employment by the Company or for a period of two (2) years after I am no longer employed by Company, engage, as an employee, independent contractor, officer, director, or shareholder, in any employment, business, or activity that in any way competes with the business of the Company within a one-hundred (100) mile radius of any store, office, or facility of the Company. I hereby acknowledge that I understand and know what the business of the Company is, including, but not limited to, the products and services that it offers or sells.
[[Image here]]
I will not, either during my employment by the Company or thereafter, directly or indirectly, for the purpose of obtaining them as customers for any business that in any way competes with the business of the Company, solicit, induce, or have any contact with: (1) any current customer of the Company; (2) any person who has been a customer of the Company within the eighteen (18) month period prior to the end of my employment by the Company; and (3) any pro *1204 spective customers of the Company who are or were identified through contacts I became aware of or developed during my employment with the Company.
[[Image here]]
Any subsequent change or changes in my duties, salary or compensation will not affect the validity or scope of this Agreement....
While the company was training the worker, it paid her a salary. However, after the company allowed the worker to build her own clientele, the company, in 2009, began treating the worker as an independent contractor. The company’s owner explained the reasoning for this change in status: “[T]hey have to make a living, so we pay them a salary and then, when ... they build a large enough clientele they often request that we put them on commission so they make more money.” As part of the independent contractor arrangement, the worker received a 35% commission on the services she performed. In exchange, the worker had to pay taxes on the commissions and had to pay her share of the business’s rent, supplies, utilities, and insurance. The company’s owner testified that, over the next two years, the worker saw a minimum of fifty clients per day and built up a clientele of at least one thousand clients.
In 2011, the worker left the company and opened her own business, performing the same services, at a location less than five miles from the company’s location. The owner testified that, after the worker’s departure, she learned from clients and other workers that many of the company’s clients went to the worker’s new business.
The company filed a complaint for in-junctive relief and damages and a motion for temporary injunction against the worker. In both filings, the company alleged that the worker violated the non-compete/non-solicitation agreement. The motion alleged the existence of legitimate business interests justifying the agreement’s restrictive covenants. See § 542.335(l)(b), Fla. Stat. (2008) (“The person seeking enforcement of a restrictive covenant shall plead and prove the existence of one or more legitimate business interests justifying the restrictive covenant.”). The motion also alleged that the restrictive covenants were reasonably necessary to protect the company’s established interests. See § 542.335(l)(c), Fla. Stat. (2008) (“A person seeking enforcement of a restrictive covenant also shall plead and prove that the contractually specified restraint is reasonably necessary to protect the legitimate business interest or interests justifying the restriction.”). The motion further alleged the elements necessary to obtain a temporary injunction. See Univ. Med. Clinics, Inc. v. Quality Health Plans, Inc., 51 So.3d 1191, 1195 (Fla. 4th DCA 2011) (“[A] party seeking a temporary injunction must establish that (1) irreparable harm will result if the temporary injunction is not entered; (2) an adequate remedy at law is unavailable; (3) there is a substantial likelihood of success on the merits; and (4) entry of the temporary injunction will serve the public interest.”) (citation omitted).
In opposition, the worker argued that when the company changed her status to an independent contractor, she ceased being an employee under the agreement, and thus the two-year non-compete period began running at that time. The worker further argued that the two-year non-compete period expired before she left to start her business.
After an evidentiary hearing, the circuit court entered an order denying the company’s motion for temporary injunction. In the order, the court agreed with the worker’s argument and found that, when the *1205 company changed the worker’s status to an independent contractor, the two-year non-compete period began running and then expired before the worker left to start her business. The court did not otherwise make factual findings as to whether the company proved section 542.335’s requirements or the elements of a temporary injunction.
This appeal followed. The company argues the circuit court misinterpreted the agreement to find that when the company changed the worker’s status to an independent contractor, the two-year non-compete period began running. Our review of this argument is de novo. See DePuy Orthopaedics, Inc. v. Waxman, 95 So.3d 928, 934 (Fla. 1st DCA 2012) (“[W]here a trial court’s order on a temporary injunction is based on an interpretation of a contract, de novo review is appropriate.”).
We agree with the company’s argument. The circuit court gave effect to only those provisions of the agreement referring to the worker as an employee. The court did not give effect to the agreement’s provision that “[a]ny subsequent change or changes in my duties, salary or compensation will not affect the validity or scope of this Agreement.” This was error. See Philip Morris, Inc. v. French, 897 So.2d 480, 488 (Fla. 3d DCA 2004) (“Courts are required to construe a contract as a whole and give effect, where possible, to every provision of the agreement.”). Here, the company’s changing of the worker’s status to an independent contractor changed the worker’s duties, salary, and compensation. The worker was no longer a trainee being paid a salary. Instead, the worker was permitted to maintain her own clientele and “make more money” by being paid through commissions minus her share of the business’s expenses. Thus, the mere changing of the worker’s status from an employee to an independent contractor did not cause the two-year non-compete period to begin running. Instead, the two-year non-compete period did not begin running until the worker left the company.
Even if we were to construe the agreement’s provisions to be in conflict, we still would conclude that the two-year non-compete period did not begin running until the worker left the company. “A primary rule of contract construction is that where provisions in an agreement appear to conflict, they should be construed so as to be reconciled, if possible. In so doing, the court should strive to give effect to the intent of the parties in accord with reason and probability as gleaned from the whole agreement and its purpose.” Arthur Rutenberg Corp. v. Pasin, 506 So.2d 33, 34 (Fla. 4th DCA 1987) (internal citation omitted). Further, “[a] court shall construe a restrictive covenant in favor of providing reasonable protection to all legitimate business interests established by the person seeking enforcement.” § 542.335(1)(h), Fla. Stat. (2008). “A court shall not employ any rule of contract construction that requires the court to construe a restrictive covenant narrowly, against the restraint, or against the drafter of the contract.” Id.
Construing the agreement here, its obvious purpose was to preclude the worker from competing with the company after the company trained the worker and allowed her to build her own clientele. It would be unreasonable to construe the contract as having the two-year non-compete period begin to run while the company still was employing the worker as an independent contractor — i.e., when the worker is not competing with the company — but have the non-compete period expire just before the worker leaves the company to start her own competing business. To hold otherwise would lead to absurd conclusion. See Am. Med. Int’l, Inc. v. *1206 Scheller, 462 So.2d 1, 7 (Fla. 4th DCA 1984) (“If clauses in contract appear to be repugnant to each other, they must be given such an interpretation and construction as will reconcile them, if possible, and if one interpretation would lead to an absurd conclusion, then such interpretation should be abandoned and the one adopted which would accord with reason and probability.”) (citation and quotation omitted).
Based on the foregoing, we reverse the circuit court’s order denying the company’s motion for temporary injunction. Because the court did not make factual findings as to whether the company proved section 542.335’s requirements or the elements of a temporary injunction, we remand for the court to review the record to determine whether the company met that burden. We leave it to the court’s discretion to decide whether it requires a further hearing before it makes that determination.

Reversed and remanded for proceedings consistent with this opinion.

STEVENSON and LEVINE, JJ., concur.