[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13017
_____

D.C. Docket No. 8:11-cv-02108-VMC-TBM

LEEDOM MANAGEMENT GROUP, INC.,
PAYMAXX PRO, LLC,

Plaintiffs -
Cross Defendants -
Appellants,

versus

SUSAN PERLMUTTER,

Defendant -
Cross Claimant -
Appellee,

SIGMA PAYMENT PROCESSING, INC.,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 25, 2013)

Before BARKETT, MARCUS and HILL, Circuit Judges.

PER CURIAM:

The merits of this appeal concern the propriety of the district court's modification of a preliminary injunction entered against the defendant, Susan Perlmutter, a former employee of Leedom Management Group. A threshold issue, however, is whether we have the power to entertain Leedom's appeal when the preliminary injunction established by the orders on appeal already expired, by its own terms, in December 2012. Since the injunction has expired, and, therefore, we no longer can grant the parties any effective relief, this appeal is moot. Thus, we dismiss this appeal for want of jurisdiction.

I.

The relevant facts are these. Perlmutter is a former employee of Leedom, which is in the business of providing automated clearing house and credit card processing services to automobile dealerships. When Leedom terminated Perlmutter in 2011, she established a competitor to Leedom, in the same line of business, in Tennessee. According to Leedom, this breached Perlmutter's employment contract, which contained non-competition, non-solicitation, and non-disclosure covenants. Specifically, her contract provided that, for a period of one year after her termination, "within a 50 mile radius of any location in which Leedom is conducting its business," Perlmutter could not engage in the same line

2

of business, disclose any information relating to Leedom, or solicit any entity with which Leedom had established a substantive business relationship.

In September 2011, Leedom filed suit against Perlmutter in the United States District Court for the Middle District of Florida, and requested damages, along with preliminary and permanent injunctive relief barring Perlmutter from operating her competing business and soliciting Leedom clients. In March 2012, the district court granted Leedom a preliminary injunction prohibiting Perlmutter from soliciting any Leedom clients, from disclosing Leedom's trade secret or confidential information, and from competing with Leedom. However, the district court did not specify the geographic scope of the order; the court directed the parties to negotiate the appropriate geographic scope for the injunction and, if that failed, stated that it would refer the matter to the magistrate judge to define the scope of the injunction. The preliminary injunction was to be in force until December 21, 2012.

The parties failed to agree on the geographic scope of the injunction. Therefore, in a May 2012 order, the magistrate judge defined the geographic scope of the order to cover all zip codes in which Leedom had a client. Perlmutter filed an objection to this order, arguing that the magistrate had interpreted the restrictive covenants' language too broadly. On June 4, 2012, the district court considered Perlmutter's objection and determined that the covenants restricted Perlmutter

3

from doing business or soliciting clients only within fifty miles of Leedom's Sarasota, Florida office, which, according to the district court, was Leedom's sole place of business. This order modified the existing preliminary injunction but, notably, did not change its termination date of December 21, 2012. Leedom appealed this order.

While briefing on this appeal was ongoing, the preliminary injunction's termination date passed, and both the March 2012 and June 2012 orders granting and then modifying the preliminary injunction expired. Thus, in January 2013, Perlmutter moved this Court to dismiss this appeal for mootness due to expiration of the preliminary injunction under review. Leedom opposed Perlmutter's motion.

## II.

We have an obligation to assure ourselves that we have subject-matter jurisdiction over an appeal, and we review jurisdictional issues de novo. Stovall v. City of Cocoa, 117 F.3d 1238, 1240 (11th Cir. 1997). Moreover, we always address threshold jurisdictional issues first, since we cannot reach questions that we never had jurisdiction to entertain. See Boone v. Sec'y, Dep't of Corr., 377 F.3d 1315, 1316 (11th Cir. 2004).

"Our jurisdiction is limited, by the Constitution, to 'cases' and 'controversies.'" Dow Jones & Co. v. Kaye, 256 F.3d 1251, 1254 (11th Cir. 2001) (quoting U.S. Const. art. III, § 2). Thus, "a justiciable controversy 'must be definite

4

and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" Id. (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937)). The party seeking appellate review must establish that the order on appeal currently is causing the party to suffer a "continuing injury," Atlanta Gas Light Co. v. FERC, 140 F.3d 1392, 1401 (11th Cir. 1998), or some "collateral consequence," United States v. Juvenile Male, 131 S. Ct. 2860, 2864 (2011). Otherwise, any appeal from that order would be moot, and our only course of action would be to dismiss the case for lack of subject-matter jurisdiction. See Sierra Club v. EPA, 315 F.3d 1295, 1299 (11th Cir. 2002).

Moreover, in this interlocutory appeal, our only source of jurisdiction is 28 U.S.C. § 1292(a)(1), which allows us to entertain an appeal from orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." This limited grant of jurisdiction carves out an exception to the ordinary rule that we review a case only after the district court has entered its final judgment. See Thomas v. Blue Cross & Blue Shield Ass'n, 594 F.3d 823, 828 (11th Cir. 2010); Birmingham Fire Fighters Ass'n 117 v. Jefferson Cnty., 280 F.3d 1289, 1293 (11th Cir. 2002). Thus, the only orders over which we have appellate jurisdiction, pursuant to § 1292(a)(1), are the district court's March 2012 order

granting a preliminary injunction and its June 2012 order modifying that injunction.

There is no live case or controversy regarding these two orders. By its own terms, the preliminary injunction established by the two orders ended on December 21, 2012. Therefore, the controversy over its geographic scope is no longer "definite" or "concrete," and we cannot grant "specific relief through a decree of a conclusive character." Aetna Life Ins. Co., 300 U.S. at 240-41. Rather, any opinion we could issue regarding the merits of the district court's interpretation of the parties' contract would be a quintessential advisory opinion regarding "what the law would be." Id. at 241. For this reason, panels of this Court have concluded consistently that, when the end-date for a preliminary injunction has passed, and the injunction is no longer in effect, then any appeal from that injunction is moot. See Tropicana Prods. Sales, Inc. v. Phillips Brokerage Co., 874 F.2d 1581, 1582-84 (11th Cir. 1989); see also Brooks v. Ga. State Bd. of Elections, 59 F.3d 1114, 1119 (11th Cir. 1995) ("[T]his court has consistently held that the appeal of a preliminary injunction is moot where the effective time period of the injunction has passed.").

Leedom's arguments in favor of our jurisdiction are unpersuasive. In the first place, Leedom suggests that the case remains live because, under Florida law, the district court could equitably extend the injunction past the time period

6

provided for in the contract if an extension would give the parties the benefit of their bargain. See Sunbelt Rentals, Inc. v. Dirienzo, 487 F. Supp. 2d 1361, 1363 (S.D. Fla. 2007) (citing Michele Pommier Models, Inc. v. Diel, 886 So. 2d 993, 995 (Fla. 3d Dist. Ct. App. 2004)). This position, however, conflates mootness at the appellate level with mootness at the trial-court level. While it is undeniable -- and all parties agree -- that the district court could grant effective relief to Leedom (either in the form of a new preliminary injunction or, after trial, by awarding damages or any other appropriate form of relief), that simply means the case as a whole will not be moot when the district court reassumes jurisdiction. It does not follow that we, as an appellate court, can grant effective relief to Leedom on its limited interlocutory appeal of the district court's modification of a preliminary injunction that has long since expired.[1]

Leedom also says the appeal cannot be moot because it presents an issue capable of repetition but evading review. However, Leedom has failed to identify how this issue will evade our review. When this appeal is dismissed, after all, the case will return to the district court, go to trial, and any disputes regarding the

---

[1] Leedom also suggests that a request for a preliminary injunction is never moot as long as the plaintiff continues to suffer or potentially could suffer additional harm due to the defendant's conduct. Again, this is plainly an argument for why the case as a whole will not be moot when it returns to the district court, and why the district court could entertain a renewed motion for a preliminary injunction at that time. The fact that Perlmutter might continue to injure Leedom or violate the restrictive covenants is irrelevant for determining whether we have appellate jurisdiction. The fact that the two orders, which are the sole basis for our appellate jurisdiction, have expired means that Leedom's appeal is moot, even if its case as a whole is not.

7

proper interpretation of the restrictive covenants will be hashed out in the district court and then be subject to this Court's review on appeal from the final judgment. Moreover, as Perlmutter's counsel conceded at oral argument, if we were to dismiss this case, then Leedom could simply return to the district court, move for a new preliminary injunction, and then take an interlocutory appeal from the resulting order -- whether granting or denying the injunction -- to this Court without any mootness problem.

Since the preliminary injunction currently on appeal expired in December 2012, Leedom's appeal is moot, and we must dismiss "because mootness is jurisdictional." Sierra Club, 315 F.3d at 1299.

DISMISSED.