DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ANAKARLI BOUTIQUE, INC.,**
a Florida corporation,
Appellant,

v.

**NAHOMI ORTIZ,**
Appellee.

No. 4D14-2188

[November 26, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mily Rodriguez Powell, Judge; L.T. Case No. 12-1236 (03).

John Arrastia, Jr. of Arrastia Capote & Phang LLP, Miami, for appellant.

Gustavo A. Bravo of Bravo Law, Plantation, for appellee.

GROSS, J.

This is an appeal from an order denying a motion for temporary injunction in a case involving the violation of a non-compete agreement. The circuit court denied a temporary injunction because the non-compete period had run, mostly during the appeal of an earlier ruling. Once again, we reverse for the trial court to decide the motion for temporary injunction on the merits.

This is the second visit of the case to this court. *See Anarkali Boutique, Inc. v. Ortiz*, 104 So. 3d 1202 (Fla. 4th DCA 2012). *Anarkali I* was also an appeal from an order denying a temporary injunction. That case sets forth the non-compete/non-solicitation agreement, which applied for a period of 2 years after appellee was no longer engaged as "an employee" with the company, the appellant in this case. *Id.* at 1203. In 2011, appellee left the company and opened her own business near the company's location. The company's complaint for injunctive relief alleged (1) the existence of legitimate business interests justifying the agreement's restrictive covenants, (2) that the restrictive covenants were reasonably necessary to

protect the company's established interests, and (3) the elements necessary to obtain a temporary injunction. *Id.* at 1204; *see* § 542.335(1), Fla. Stat. (2012). There was an evidentiary hearing. *Id.* The circuit court denied the motion for temporary injunction, ruling that the two-year non-compete period began to run when appellee became an independent contractor and "expired before [she] left to start her business." *Id.* at 1205.

We reversed, holding that the two-year non-compete period did not begin to run until appellee left the company. *Id.* We remanded to the circuit court to make the factual findings as to whether the company "proved section 542.335's requirements" along with the elements of a temporary injunction. *Id.* at 1206. We indicated that the court could "review the record" or hold a further hearing. *Id.*

On remand, the circuit court requested that the transcript of the evidentiary hearing be provided for the court's consideration. Without further hearing, the court denied the motion for temporary injunction as moot, reasoning that the two-year non-compete period, measured from the date appellee left the company, had expired on November 22, 2013. Obviously, much of this two year period was consumed by the appeal in *Anarkali I*.[1]

It would be stunningly unfair if the law held that a valid non-compete clause could be nullified because the non-compete period was devoured by the time it took to appeal an erroneous ruling on the interpretation of the clause. Where there has been a delay in the entry of a non-compete injunction enforceable under section 542.335(1)(c)[2], the party seeking to

_____

[1] The notice of appeal in *Anarkali I* was filed on April 13, 2012, and the mandate issued on March 1, 2013. Appellee sought discretionary review in the Florida Supreme Court on March 11, 2013; the Supreme Court declined to accept jurisdiction on October 30, 2013.

[2] Section 542.335(1)(c), Florida Statutes (2012), sets the boundaries for the enforcement of a restrictive covenant:

> A person seeking enforcement of a restrictive covenant also shall plead and prove that the contractually specified restraint is reasonably necessary to protect the legitimate business interest or interests justifying the restriction. If a person seeking enforcement of the restrictive covenant establishes prima facie that the restraint is reasonably necessary, the person opposing enforcement has the burden of establishing that the contractually specified restraint is overbroad, overlong, or otherwise not reasonably necessary to protect the established legitimate business interest or interests. If a contractually specified restraint is overbroad, overlong, or otherwise not reasonably necessary to protect the legitimate

enforce the non-compete clause is entitled to receive the benefit of its bargain, which is the enforcement of the full non-compete period specified in the agreement between the parties. *See Orkin Exterminating Co., v. Bailey,* 550 So. 2d 563, 565 (Fla. 4th DCA 1989); *Kverne v. Rollins Protective Servs. Co.,* 515 So. 2d 1320, 1321-22 (Fla. 4th DCA 1987); *Mut. Benefits Corp. v. Goldenberg,* 709 So. 2d 204 (Fla. 4th DCA 1998); *Capelouto v. Orkin Exterminating Co. of Fla.,* 183 So. 2d 532, 534 (1966). Such enforceability assumes that the trial court has found the "contractually specified restraint" not to be "overbroad, overlong, or otherwise not reasonably necessary to protect the legitimate business interest" of the party seeking to enforce the restraint. § 542.335(1)(c), Fla. Stat. (2012).

Once again, we reverse the circuit court's order denying a temporary injunction and remand for a determination of "whether the company proved section 542.335's requirements or the elements of a temporary injunction." *Anarkali I,* 104 So. 3d at 1206. The trial court may review the record or, given the length of time that has passed since the original hearing, hold a further hearing.

*Reversed and remanded for proceedings consistent with this opinion.*

DAMOORGIAN, C.J., and STEVENSON, J., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

---

business interest or interests, a court shall modify the restraint and grant only the relief reasonably necessary to protect such interest or interests.

- 3 -