KHOUZAM, Judge.
Medco Data, LLC, appeals an order denying its motion for temporary injunction against three of its former employees. Because the trial court failed to apply the statutory presumption of irreparable injury under section 542.335(l)(j), Florida Statutes (2013), we reverse and remand for reconsideration in light of the presumption.
Medco Data sued three of its former employees and sought to enforce a covenant not to compete. As part of the suit, Medco Data filed a motion for temporary injunction pursuant to Florida Rule of Civil Procedure 1.610. At the close of the evidentiary hearing on the motion, the trial court pronounced its findings without allowing the parties to make arguments.
Among the findings were that the employment agreements between Medco Data and the former employees were both “well written” and “valid.” Further, the trial court found that the defendants “did something to breach the relationship and it cost [Medco Data] money.” But ultimately, the trial court denied the motion based on its conclusion that “Medco Data has to prove a likelihood of irreparable harm. I don’t find that the company can show that in this case.”
After the trial court pronounced its find[1] ings, Medco Data requested the opportunity to submit a legal memorandum specifically for the purpose of addressing the court’s conclusion as to irreparable injury and perfecting the appellate record. The court denied the request and thereafter entered a written order denying the motion for temporary injunction. Medco Data timely appealed, arguing that the trial court reversibly erred by failing to apply a presumption of irreparable injury. We agree.
Section 542.335 governs the enforcement of restrictive covenants. Generally, to receive a temporary injunction based on the statute, “a party must plead and establish four elements: ‘(1) the likelihood of irreparable [injury], (2) the unavailability of an adequate remedy at law, (3) a substantial likelihood of success on the merits, and (4) that a temporary injunction will serve the public interest.’ ” DePuy Orthopaedics, Inc. v. Waxman, 95 So.3d 928, 938 (Fla. 1st DCA 2012) (alteration in original) (quoting Envtl. Servs., Inc. v. Carter, 9 So.3d 1258, 1261 (Fla. 5th DCA 2009)).
Subsection (l)(j) specifically addresses temporary injunctions and provides in relevant part that “[t]he violation of an enforceable restrictive covenant creates a presumption of irreparable injury to the person seeking enforcement of a restrictive covenant.” The burden is rebut-table but must be applied to enforceable restrictive covenants that have been violated. See Variable Annuity Life Ins. Co. v. Hausinger, 927 So.2d 243, 245 (Fla. 2d DCA 2006) (“In this ease, the trial court recognized that the statute operates to create a presumption of irreparable injury to the employer and that the burden shifted to [the defendant] to establish the absence of such injury.”); Am. II Elecs., Inc. v. Smith, 830 So.2d 906, 908 (Fla. 2d DCA 2002) (concluding that the movant’s “evidence was sufficient to create a rebuttable presumption of irreparable injury for purposes of obtaining an injunction” under the statute).
“The standard of review regarding the grant or denial of a motion for temporary injunction is abuse of discretion.” H & M Hearing Assocs., LLC v. Nobile, 950 So.2d 501, 503 (Fla. 2d DCA *107 2007). However, no court of this state has the discretion “ ‘to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications.’ ” Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (emphasis omitted) (quoting Am. Bankers Life Assurance Co. of Fla. v. Williams, 212 So.2d 777, 778 (Fla. 1st DCA 1968)). Consequently, “[t]he determination of the correct legal standard to apply is a question of law that we review de novo.” Paul v. Wells Fargo Bank, N.A., 68 So.3d 979, 986 (Fla. 2d DCA 2011) (quoting Henderson v. Henderson, 905 So.2d 901, 903 (Fla. 2d DCA 2005)).
Here, although the trial court found the facts that would trigger the presumption of irreparable harm under section 542.335(l)(j), nothing in the record suggests that the court applied it. Despite finding that the restrictive covenants were enforceable and had been violated, the trial court denied the motion because it erroneously concluded that Medco Data could not prove the element of irreparable harm. But because Medco Data was entitled to a presumption of irreparable injury based on the findings the court had already made, the court was required to apply the presumption pursuant to subsection (l)(j), shifting the burden to the defendants to establish its absence.[1] See Smith, 830 So.2d at 908.
Because the trial court made findings that would trigger the presumption of irreparable injury under section 542.335(l)(j) but failed to apply the presumption, we reverse the order on appeal and remand for reconsideration in light of the presumption. If on remand the trial court determines that the presumption has been rebutted, then it shall indicate its reasons on the record.
Reversed and remanded.
ALTENBERND and VILLANTI, JJ„ Concur.

. Although the presumption is rebuttable, nothing in the record suggests that the court was aware that it exists. Indeed, the court's findings suggest otherwise: the presumption is not mentioned in the transcript or the written order, and the court's findings directly conflict with it. Ordinarily, a party’s failure to raise a specific argument below will result in an affirmance on preservation grounds. See Sunset Harbour Condo. Ass'n v. Robbins, 914 So.2d 925, 928 (Fla.2005) (" ‘In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.’" (quoting Tillman v. State, 471 So.2d 32, 35 (Fla.1985))). But where, as here, the party was denied the opportunity to raise the issue despite its explicit request to do so, an affirmance on preservation grounds would raise serious due process concerns.