IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

November 04, 2015

FLORIDA DIGESTIVE HEALTH          )
SPECIALISTS, LLP, a Florida Limited )
Liability Partnership, and RAMON E.  )
COLINA, M.D., LLC,                 )
                                   )
          Appellants/Cross-Appellees, )
                                   )
v.                                 )          Case No. 2D14-4561
                                   )
RAMON E. COLINA, M.D., an individual, )
and INTERCOASTAL MEDICAL GROUP, )
INC., a Florida corporation,        )
                                   )
          Appellees/Cross-Appellants. )
_____)

BY ORDER OF THE COURT:

          Appellees' motion for rehearing or for certification is denied.

          On its own motion, this court's opinion dated July 31, 2015, is withdrawn,

and the attached opinion is issued in its place.  No further motions for rehearing will be

entertained in this appeal.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

MARY ELIZABETH KUENZEL
CLERK

FLORIDA DIGESTIVE HEALTH
SPECIALISTS, LLP, a Florida Limited
Liability Partnership, and RAMON E.
COLINA, M.D., LLC,

        Appellants/Cross-Appellees,

v.

RAMON E. COLINA, M.D., an individual,
and INTERCOASTAL MEDICAL GROUP,
INC., a Florida corporation,

        Appellees/Cross-Appellants.

Case No. 2D14-4561

Opinion filed November 4, 2015.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Sarasota County;
Charles E. Williams, Judge.

George G. Mahfood of Broad and Cassel,
Miami; and Bill J. Edwards and Mark M.
Barber of Broad and Cassel, Tampa, for
Appellants/Cross-Appellees.

Michael S. Taaffe and David L. Wyant, Jr. of
Shumaker, Loop & Kendrick, LLP, Sarasota,
for Appellee/Cross-Appellant Ramon E.
Colina, M.D.

Thomas H. Dart and Ryan W. Owen of
Adams and Reese LLP, Sarasota, for
Appellee/Cross-Appellant Intercoastal
Medical Group, Inc.

BLACK, Judge.

Florida Digestive Health Specialists, LLC (FDHS), and Ramon E. Colina, M.D., LLC, challenge the trial court's denial in part of their motion for temporary injunction to enforce a restrictive covenant. Dr. Ramon E. Colina and Intercoastal Medical Group, Inc. (IMG), cross-appeal, challenging the portion of the trial court's order that grants the motion for temporary injunction. We affirm in part and reverse in part.

I.      Background

Prior to joining FDHS, Dr. Colina was a solo practitioner. When Dr. Colina joined FDHS he executed a Limited Liability Partnership Agreement and a Partner Professional Services Agreement.

Article 7 of the Partner Professional Services Agreement provides that Dr. Colina would not, without prior written consent of FDHS, directly or indirectly "divulge, furnish or make accessible to any person, or copy, take or use in any manner any of the Confidential Information." Confidential Information is defined as

> all of the materials, information and ideas of the Group and its Medical Practice LLCs including, without limitation, the Group's and Medical Practice LLCs' internal documents, such as their organizational documents, rules and regulations, this Agreement or the Partnership Agreement; contracts with third parties, including but not limited to Managed Care Contracts, contracts with providers and services contracts; patient names, patient lists, records and information; operation methods and information; minutes of meetings of the Executive Committee, the Board, or any committee of the Group; accounting and financial information; marketing and pricing information and materials; internal publications and memoranda; written or oral business strategies of the Medical Practice LLCs or Group communicated to Physician; and any other matters considered confidential by Group and not made generally available to the public.

Section 8.1 of the Partner Professional Services Agreement provides, in part:

> [F]or a period of two years following the termination of this Agreement ("Restriction Period"), for any reason (except as otherwise specifically provided in Section 8.2), Physician will not without the approval of the Board, practice medicine in the field of gastroenterology in Sarasota, Charlotte or Manatee Counties, Florida, or any other county in Florida where the Group at the time of termination conducts or owns a medical practice (the "Restrictive Area"), other than individually (through an entity owned solely by Physician) or otherwise consistently with his or her "Prior Pattern of Practice."

"Prior Pattern of Practice" is defined as "practice in a medical office owned and managed solely by physicians, and containing no more than the number of physicians that were employed or contracted in Physician's medical practice as of the Commencement Date."

Dr. Colina terminated his agreements with FDHS effective November 30, 2013. On December 4, 2013, IMG announced that Dr. Colina had joined its medical practice. IMG is a large medical group practice with more than seventy physicians and locations in Sarasota and Manatee Counties. It is not owned by Dr. Colina.

II.     The motion for temporary injunction and order

In its motion for temporary injunction filed pursuant to Florida Rule of Civil Procedure 1.610, FDHS sought to enjoin Dr. Colina from employment with IMG for a period of two years following termination of the agreements with FDHS and from any other employment except as consistent with the terms of the restrictive covenant. It alleged violation of the restrictive covenant based upon the number of physicians at IMG, its locations, and the fact that it was not owned by Dr. Colina. FDHS also sought

- 3 -

to enjoin Dr. Colina from "using in any sense or disclosing in any way, any aspect of [FDHS's] Confidential Information, trade secrets, and proprietary information."

In its order granting the temporary injunction in part, the court found that Dr. Colina breached the agreements by joining IMG. The court also found that Dr. Colina has only limited knowledge of FDHS's trade secrets, that no evidence established that Dr. Colina had divulged any trade secrets, that no evidence established that FDHS has lost patients, that there is a legitimate business interest in "keep[ing] a group of physicians together in a medical group as contemplated in a business agreement signed by those same physicians," and that there is a legitimate business interest "in preventing a mass exodus of some of those physicians who may feel there are no ramifications in ignoring the terms of a signed written agreement binding those physicians in said medical group." Lastly, the court found that "the threatened injury to [Dr. Colina] outweighs the possible harm to [FDHS]."

The court then ordered that Dr. Colina was not "at this time, obligated to be bound by [Section] 8.1" such that Dr. Colina could "remain with his current medical group [IMG]," that Dr. Colina "shall not divulge any business practice methods or trade secrets," that Dr. Colina remains subject to the restrictions of Section 7.1 relating to trade secrets, and that Dr. Colina "shall not disparage [FDHS] during the pendency of this litigation nor interfere with [its] business practices by improperly interfering with [its] current patient base."

III. Discussion

We review the trial court's order on a motion for temporary injunction under the abuse of discretion standard. Medco Data, LLC v. Bailey, 152 So. 3d 105,

- 4 -

106 (Fla. 2d DCA 2014); Atomic Tattoos, LLC v. Morgan, 45 So. 3d 63, 64 (Fla. 2d DCA 2010). "An appellant who challenges the trial court's order on a motion for temporary injunction has a heavy burden; the trial court's ruling is presumed to be correct and can only be reversed where it is clear the court abused its discretion." Atomic Tattoos, 45 So. 3d at 64 (citing JonJuan Salon, Inc. v. Acosta, 922 So. 2d 1081, 1083 (Fla. 4th DCA 2006)). "However, no court of this state has the discretion 'to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications.' " Medco, 152 So. 3d at 107 (quoting Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984)). Consequently, where we are asked to review whether the trial court applied the correct legal standard, our review is de novo. Id.

FDHS contends that the trial court reversibly erred by considering whether the threatened injury to FDHS outweighed the potential injury to Dr. Colina. In identifying the requirements necessary for issuance of a temporary injunction, the trial court cited Graham v. Edwards, 472 So. 2d 803, 806 (Fla. 3d DCA 1985), and stated that whether "the threatened injury to the petitioner outweighs the possible harm to the respondent" is a factor.

Section 542.335, Florida Statutes (2013), "governs the enforcement of restrictive covenants." Medco Data, 152 So. 3d at 106. The trial court must consider four elements in determining whether to issue a temporary injunction: "(1) the likelihood of irreparable [injury], (2) the unavailability of an adequate remedy at law, (3) a substantial likelihood of success on the merits, and (4) that a temporary injunction will serve the public interest." DePuy Orthopaedics, Inc. v. Waxman, 95 So. 3d 928, 938 (Fla. 1st DCA 2012) (alteration in original) (quoting Envtl. Servs., Inc. v. Carter, 9 So. 3d

- 5 -

1258, 1261 (Fla. 5th DCA 2009)).  Whether Dr. Colina—as the party against whom the injunction was sought—will suffer greater injury by imposition of the injunction than FDHS would suffer without an injunction is not a part of the court's consideration. Section 542.335(1)(g) specifically states that a court "[s]hall not consider any individualized economic or other hardship that might be caused to the person against whom enforcement is sought."  § 542.335(1)(g)(1); see also Atomic Tattoos, 45 So. 3d at 66 (finding meritless the argument that an injunction would cause Morgan injury that would "outweigh any speculative damages suffered by Atomic Tattoos"); DePuy Orthopaedics, 95 So. 3d at 940 (concluding that appellees' argument that "the balance of harms favors them because they would suffer harm if they were enjoined" was in conflict with section 542.335(1)(g)(1)).

Despite finding that the restrictive covenants were enforceable and that Section 8.1 had been violated, the court denied the temporary injunction prohibiting Dr. Colina from being employed by IMG after considering a factor specifically excluded by statute.  This was error which resulted in an abuse of discretion.  The trial court abused its discretion in finding that Dr. Colina is not bound by Section 8.1, the restrictive covenant, and that Dr. Colina may remain employed by IMG.[1]

As part of its cross-appeal, IMG contends that the court reversibly erred in granting the injunction as it relates to trade secrets.  The court ordered: "Dr. Colina shall not disparage [FDHS] during the pendency of this litigation nor interfere in [its] business practices by improperly interfering with [its] current patient base."  IMG argues that the

_____

[1]IMG has not raised in its cross-appeal the issue of whether the trial court correctly found that FDHS had established protectable legitimate business interests, and we in no way address that issue.

- 6 -

court granted FDHS relief for which it did not plead and that the restriction is impermissibly vague. As to the prohibition against interference with FDHS's current patient base, FDHS concedes that "improperly interfering" is vague.

IMG is correct that FDHS did not request that Dr. Colina be enjoined from disparaging FDHS. The court erred in granting that relief. See Planned Parenthood of Greater Orlando v. MMB Props., 148 So. 3d 810, 812 (Fla. 5th DCA 2014). On remand, the court should strike that portion of the order. See Barash v. PSI Indus., Inc., 733 So. 2d 1119, 1119 (Fla. 4th DCA 1999).

Accordingly, we affirm in part and reverse in part. On remand, the trial court is instructed to grant the temporary injunction prohibiting Dr. Colina from violating Section 8.1 of the Partner Professional Services Agreement, to strike that portion of the order which enjoins Dr. Colina from disparaging FDHS, and to more narrowly define the manner in which Dr. Colina is prohibited from interfering with FDHS's client base.

Affirmed in part; reversed in part; remanded with instructions.


MORRIS and SLEET, JJ., Concur.