NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

FLORIDA DIGESTIVE HEALTH                )
SPECIALISTS, LLP, a Florida Limited     )
Liability Partnership, and RAMON E.     )
COLINA, M.D., LLC,                      )
                                        )
            Appellants/Cross-Appellees, )
                                        )
v.                                      )          Case No. 2D14-4561
                                        )
RAMON E. COLINA, M.D., an individual,   )
and INTERCOASTAL MEDICAL GROUP,         )
INC., a Florida corporation,            )
                                        )
            Appellees/Cross-Appellants. )
_____)

Opinion filed September 7, 2016.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Sarasota County;
Charles E. Williams, Judge.

George G. Mahfood of Broad and Cassel,
Miami; and Bill J. Edwards and Mark M.
Barber of Broad and Cassel, Tampa, for
Appellants/Cross-Appellees.

Michael S. Taaffe and David L. Wyant, Jr. of
Shumaker, Loop & Kendrick, LLP, Sarasota;
and Daniel C. Guarnieri of Berlin Patten
Ebling, PLLC, Sarasota, for Appellee/Cross-
Appellant Ramon E. Colina, M.D.

Thomas H. Dart and Ryan W. Owen of
Adams and Reese LLP, Sarasota, for
Appellee/Cross-Appellant Intercoastal
Medical Group, Inc.


ORDER GRANTING MOTION TO ENFORCE MANDATE


PER CURIAM.

In Florida Digestive Health Specialists, LLP v. Colina, 192 So. 3d 491 (Fla. 2d DCA 2015), appeal filed, No. SC15-2246 (Fla. Dec. 4, 2015), this court affirmed in part and reversed in part an order granting Florida Digestive Health Specialists' (FDHS) temporary injunction to enforce a restrictive covenant against its former employee, Dr. Ramon E. Colina.[1] We specifically instructed that on remand, the trial court was required "to grant the temporary injunction prohibiting Dr. Colina from violating Section 8.1 of the Partner Professional Services Agreement, to strike that portion of the [temporary injunction] which enjoins Dr. Colina from disparaging FDHS, and to more narrowly define the manner in which Dr. Colina is prohibited from interfering with FDHS's client base." Fla. Digestive Health Specialists, 192 So. 3d at 494-95. The mandate issued on December 4, 2015.

On remand, the trial court initially entered an order which only minimally complied with this court's mandate. In its January 2016 order, the trial court deleted the paragraphs of its original order finding that Dr. Colina was not obligated to comply with

---

[1]This court sua sponte withdrew the prior opinion in the case to add a footnote stating that our opinion did not address an issue which was not raised on cross-appeal by Dr. Colina.

Section 8.1 of the Partner Professional Services Agreement (the Agreement), permitting Dr. Colina to remain employed by Intercoastal Medical Group, Inc. (IMG), and prohibiting Dr. Colina from disparaging FDHS during the pendency of the litigation and from interfering in FDHS's client base.[2] Notwithstanding the clear directive of this court, the trial court did not grant the temporary injunction prohibiting Dr. Colina from violating Section 8.1 of the Agreement by maintaining his employment with IMG, nor did it more narrowly define the manner in which Dr. Colina is prohibited from interfering with FDHS's client base.

FDHS immediately filed a motion to enforce the mandate of this court, which was set for hearing in April 2016. In the motion, FDHS requested that the court comply with our mandate by modifying the original order granting the injunction such that Dr. Colina would be enjoined from violating Section 8.1 of the Agreement and therefore prohibited from working for IMG. At the hearing on the motion, Dr. Colina and IMG argued that the issue was moot because the two-year period of the restrictive covenant at issue had expired in November 2015, prior to the issuance of this court's mandate. In response, FDHS argued that Section 8.8 of the Agreement provided that the two-year restrictive covenant period was tolled during any period in which Dr. Colina was in violation of the restrictive covenant and that, as a result, the two-year period should begin from the date the court entered its order enjoining Dr. Colina from working for IMG and otherwise violating Section 8.1.

_____

[2]The court also stayed the matter pending a bond hearing, despite the fact that a bond had already been set, approved by the court, posted with the clerk of court, and was not invalidated by this court's opinion.

In its May 2016 order on the motion to enforce the mandate, the trial court neither granted nor denied the motion; instead, it found that the date upon which the injunction would begin on remand was not addressed in this court's opinion and it adopted Dr. Colina and IMG's argument "in support of this decision."  FDHS moved for reconsideration of the trial court's apparent adoption of the mootness argument, citing authority for the proposition that restrictive covenant timeframes begin when the injunction is entered.  Before a hearing could be held on the motion, FDHS simultaneously filed its motion to enforce mandate with this court and its notice of appeal of the court's May 2016 order.[3]

Our directive to the trial court in this case was clear: enjoin Dr. Colina from violating Section 8.1 of the Agreement, more narrowly define the terms of the injunction prohibiting Dr. Colina from interfering with FDHS's clients, and strike the portion of the injunction preventing Dr. Colina from disparaging FDHS.  Our instructions should have resulted in an injunction preventing Dr. Colina from continuing his employment with IMG and otherwise violating Section 8.1 and from engaging in specific conduct which would improperly interfere with FDHS's client base.  Instead, through its initial order deleting paragraphs and through its adoption of the mootness argument, the trial court effectively denied FDHS's motion for temporary injunction—a direct contravention of our mandate.

This court "is vested with all the power and authority necessary for carrying into complete execution all of its judgments, decrees, orders, and determinations in the matters before it."  § 35.08, Fla. Stat. (2015).  "No principle of

---

[3]Fla. Digestive Health Specialists, LLP v. Colina, No. 2D16-2480.

- 4 -

appellate jurisdiction is more firmly established than the one which provides that a trial court utterly lacks the power to deviate from the terms of an appellate mandate." Mendelson v. Mendelson, 341 So. 2d 811, 813-14 (Fla. 2d DCA 1977). That is, "upon the issuance of our mandate, the trial court is without authority to take any action other than to compose an order carrying out the terms of the mandate." City of Miami Beach v. Arthree, Inc., 300 So. 2d 65, 67 (Fla. 3d DCA 1973). The trial court must execute the mandate without variance or examination; it may not review the mandate—"even for apparent error"—or grant any additional or further relief. Rinker Materials Corp. v. Holloway Materials Corp., 175 So. 2d 564, 565 (Fla. 2d DCA 1965) (quoting In re Sanford Fork & Tool Co., 160 U.S. 247, 255 (1895)). Further, "any motion or petition to vary the judgment of this court may not be entertained without the express permission of this court to do so." Arthree, 300 So. 2d at 67.

We note that although the issue of the effective date of an injunction to be entered on remand from an appeal was not before this court when we issued the opinion in this case, our mandate necessarily subsumed the existing law that "[w]here there has been a delay in the entry of a non-compete injunction enforceable under section 542.335(1)(c), the party seeking to enforce the non-compete clause is entitled to . . . the enforcement of the full non-compete period specified in the agreement between the parties." Anakarli Boutique, Inc. v. Ortiz, 152 So. 3d 107, 109 (Fla. 4th DCA 2014) (footnote omitted) (citing § 542.335(1)(c), Fla. Stat. (2012)); see also Atomic Tattoos, LLC v. Morgan, 45 So. 3d 63, 66 (Fla. 2d DCA 2010) (reversing denial of temporary injunction and remanding with instructions to "enter a temporary injunction to begin on the date on which the trial court enters its order"); Xerographics, Inc. v. Thomas, 537

So. 2d 140, 143 (Fla. 2d DCA 1988) (reversing and remanding for entry of a permanent injunction "for a period of one year from the issuance of the trial court's order"); Orkin Exterminating Co. v. Bailey, 550 So. 2d 563, 565 (Fla. 4th DCA 1989) (remanding for entry of amended orders granting temporary injunctions and directing that "the injunctions shall be for a period of two years beginning on the date the amended orders are entered").  Dr. Colina has been in violation of Section 8.1 of the Agreement since he began his employment with IMG.  FDHS has yet to receive the benefit of its bargain, and "[i]t would be stunningly unfair if the law held that a valid non-compete clause could be nullified because the non-compete period was devoured by the time it took to appeal an erroneous ruling" of the trial court.  Anakarli, 152 So. 3d at 109.

The motion to enforce mandate is granted.  The trial court is again instructed to enter an order granting the temporary injunction prohibiting Dr. Colina from violating Section 8.1 of the Partner Professional Services Agreement and prohibiting Dr. Colina from interfering with FDHS's client base in specific, not impermissibly vague, terms.  The two-year injunctive period shall commence on the date the order is entered on remand.

MORRIS, BLACK, and SLEET, JJ., Concur.